# THE PEOPLE *v.* MILLS.

AN indictment for rape, charging that the defendant " did unlawfully and feloniously have carnal knowledge of a certain female child, named ——, she, the said —— then being under ten years of age, to wit: of the age of nine years and upwards," is sufficient.

APPEAL from the Court of Sessions of El Dorado.

Indictment for rape. The offense is charged thus: " John Mills is accused by, etc. —— of the crime of rape committed as follows, to wit: The said John Mills, on the twentieth day of August, A. D. 1850, at the county of ——, the said John Mills then being of the age of fourteen years and upwards, to wit: of the age of twenty-

one years, did unlawfully and feloniously have carnal knowledge of a female child named M. A. W., she, the said M. A. W., then being under ten years of age, to wit: of the age of nine years and upwards—contrary to the form of the statute," etc.   As to the presentment of the indictment to the Court, the record simply shows an endorsement on the indictment—" Presented and filed in open Court, this twelfth day of November, 1859."

As to the third point made by appellant's counsel, the record runs thus:—

" STATE OF CALIFORNIA, ⎫
        County of El Dorado. ⎰

Be it known that at the regular term of the Court of Sessions in and for said county, held at the court house of said county, in the city of Placerville, on the eighth day of November, 1859, among other proceedings had were the following, to wit:—

" THE PEOPLE OF THE STATE OF CALIFORNIA, ⎫
                    vs.                      ⎬
        JOHN MILLS.                          ⎭

Now on this day comes the District Attorney," then follows a motion to appoint and an order appointing a District Attorney pro tem. to conduct this case.   The next entry is: " November 12th, 1859.   Now comes the District Attorney and the defendant," etc., the arraignment and plea following.   Next follows: " December 7th, 1859.   Now comes the District Attorney," etc., a continuance being asked for and overruled, a trial is had and verdict of " guilty."   Next entry is: " Saturday, Dec. 10th, 1860.   Now at this day said defendant, John Mills, was brought into Court to receive sentence," etc. ; then follows the judgment.   There is no title to any of these proceedings except the first, as above given.

*A. M. Heslep,* for Appellant.

I. The indictment was not so returned and filed in the Court of Sessions as to entitle it to become a record in said Court, and the proceedings thereunder are *coram non judice.*   (Wood's Dig. art. 1530, sec. 229, art. 1533, sec. 233.)

Under the statute, the indictment must be presented by the fore-

man of the grand jury, in their presence, to the Court; and these things must be shown affirmatively by the record. In this case there is no evidence that the indictment was ever so presented.

II. The indictment is insufficient: 1st, because no force or violence is averred. (Archbold's Cr. Pl. 573.) 2d, because there is no averment that the alleged victim was within the county at the time. The indictment ought to read that the crime was committed " in and upon one M. A. W., *then and there being*." 3d, because the age of the girl is not averred to be under ten years; the words, " to wit: of the age of nine years and upwards," qualifies and limits the preceding words.

III. The record as to the arraignment, plea, trial and judgment, nowhere shows the title of the Court, the names of the Judges constituting the Court, a convening of the Court, by virtue of a former adjournment, or otherwise.

*Thos. H. Williams, Attorney General*, for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The indictment is sufficient. It charges that the defendant, unlawfully and feloniously had carnal knowledge of a female child under ten years of age. The facts constituting the offense are stated with sufficient precision.

There is nothing in the other points made. The presumptions are in favor of the regularity of the proceedings.

Judgment affirmed.