Dooley *v*. The State.

———————⟡———————

## DOOLEY *v*. THE STATE.

INDICTMENT.—ASSAULT WITH INTENT TO COMMIT A FELONY.—An indictment for an assault and battery with intent to commit a felony charged the intent as follows: "With the intent then and thereby willfully, forcibly and feloniously, and against her will, to have carnal knowledge of said woman."

*Held*, that the indictment was sufficient.

APPEAL from the *Union* Circuit Court.

GREGORY, J.—*Dooley* was indicted in the court below for an assault and battery with intent to commit a felony. The defendant was found guilty, as charged, and his punishment fixed. Motions for a new trial and in arrest were overruled.

It is claimed that the intent is not sufficiently charged to authorize a judgment for the higher crime. It is charged thus: "With the intent then and thereby willfully, forcibly and feloniously, and against her will, to have carnal knowledge of said woman."

It is urged that the charge of intent should have been: "With an intent her, the said *Emeline Macy*, against her will, then and there, feloniously to ravish and carnally know;" that the words "ravish and carnally know" have a legal signification that cannot be supplied by other words.

The felony, for the intent to commit which the defendant was indicted, is described in the language of the statute. 2 G. & H., § 14, p. 440. We think the intent was well charged. It is claimed that the court below erred in overruling the motion for a new trial for the misconduct of the jury. For the purpose of ascertaining the sense of the jury, as to the amount of punishment, they balloted, but there was no agreement to abide the result, nor is it shown that such balloting had any influence whatever in making up the verdict. There were other charges of misconduct, but they were all contradicted by counter affidavits, and there is no preponderance sustaining the charges of misconduct. We cannot disturb the action of the court below.

The judgment is affirmed, with costs.

*J. S. Reid* and *B. F. Claypool*, for appellant.

*D. E. Williamson*, Attorney General, for the State.