# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* PETER BURKE.

INDICTMENT—SUFFICIENCY OF.—Where the charging part of an indictment for rape was in the words of the statute defining that offense : *held,* sufficient.

APPEAL from the County Court of Mendocino County.

The defendant was indicted for the crime of rape. The charging part of the indictment was as follows: "The said Peter Burke, on the 18th day of May, A. D. 1867, at the County of Mendocino, did have carnal knowledge of a female, named Elizabeth Harris, forcibly and against the will of the said Elizabeth Harris, contrary to the form of the statute," etc. Defendant demurred, on the grounds, among others, that the indictment does not substantially conform to the requirements of sections two hundred and thirty-seven and two hundred and thirty-eight of the Criminal Practice Act, and that the facts stated in the indictment do not constitute a public offense. The demurrer was overruled, and defendant excepted. The defendant moved for a continuance of the cause to the term next in course on his own affidavit, the material portions of which, as to the diligence exercised by him to procure the attendance of the witness named, was as follows: "that he cannot safely proceed to trial at this term on account of the absence of Zeke Smith, a material witness for this defendant; that said Zeke Smith is a resident of Sonoma County; that a subpœna was duly issued on the 28th day of June, A. D. 1867, and placed in the hands of the Sheriff of Sonoma County, and has been returned unserved; that deponent expects to be able to procure the attendance of said Smith at the next term of this Court." The motion was denied, and defendant excepted. On the trial defendant was convicted of the offense charged. A motion for a new trial was made by him, which was denied by the Court, and defendant appealed from the judgment and the order denying said motion for a new trial.

*Daniel E. Alexander*, for Appellant.

The demurrer to the indictment should have been sustained. It is essential that the act charged should be alleged to have been done *feloniously*. It was also essential to charge that defendant "*did ravish*," etc. (1 Russ. on Cr. 686.) The continuance should have been granted, or at the very least, only overruled upon the admission on the part of the People of the truth of the matters within the knowledge of Smith, the absent witness. (*People* v. *Diaz*, 6 Cal. 248; *People* v. *Vermilyea*, 7 Cow. 383.) But the appellant was entitled to have his witness present in Court as a witness. (*People* v. *Diaz, supra.*)

The affidavit showed sufficiently the materiality of the evidence expected from the absent witness; that it could not be otherwise supplied; that his attendance could probably be secured at the trial if the continuance were granted, and that appellant had used all reasonable diligence to procure his attendance. These facts entitled appellant to a continuance, and it was the *duty* of the Court to have granted it; and when the statute says "may grant," this duty is *expressed*. (1 Kent Com. 516, note *b*, and cases there cited; *Cook* v. *Spears*, 2 Cal. 412.)

*Jo Hamilton, Attorney General*, for the People,

The indictment was sufficient, and the demurrer to it was properly overruled. (*People* v. *Saviers*, 14 Cal. 29; *People* v. *Mills*, 17 Cal. 276; *People* v. *Farrell*, 31 Cal. 576.)

The motion for continuance was properly denied. No sufficient diligence was shown by appellant to procure the absent witness. Moreover, the motion was manifestly made not in good faith.

By the Court, RHODES, J.:

The indictment is sufficient. The offense is charged in the words of the statute defining the crime of which the defendant was accused. (*People* v. *Martin*, 32 Cal. 91; *People* v. *English*, 30 Cal. 216; *People* v. *Garcia*, 25 Cal. 531.)

The affidavit of the defendant does not show sufficient diligence on his part to entitle him to a continuance. (*People* v. *Williams*, 24 Cal. 31.)

Judgment affirmed.