.102  381
,122  594
123   416

[No. 21095.   Department One.—May 3, 1894.]

## THE PEOPLE, RESPONDENT, *v.* F. A. DINSMORE, APPELLANT.

CRIMINAL LAW—PLEADING—INFORMATION—MISTAKE IN DATE.—Where an information charges the offense to have been committed at a date subsequent to its filing, but alleges in terms that the acts charged were committed prior to the day of its filing, and in the same year, thus bringing the offense without the bar of the statute of limitations, the particular date alleged in the information is not material to the sufficiency of the charge, and the apparent mistake in the stating of the dates might have been corrected by the trial court, and is not such an irregularity as will justify a new trial of the action.

ID.—INTERRUPTION OF TRIAL—SICKNESS OF WITNESS—PROLONGED CONTINUANCE—DISPERSION OF JURY—ABUSE OF DISCRETION.—Where, during the progress of a criminal trial, a witness for the people, while upon the stand, becomes ill and unable to proceed in giving evidence, and physicians report that it would not be safe for him to continue his testimony within the next two months, an order continuing the case for a period of sixty-three days, and instructing the jury to return to court in that time, and allowing them to return to their homes and there remain until the expiration of the continuance, is an abuse of discretion, entitling the defendant to a new trial.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Carroll Cook, Mahon & Laird,* and *S. N. Reed,* for Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

GAROUTTE, J.—Appellant Dinsmore was convicted of the crime of rape, and appeals from the judgment and

order denying his motion for a new trial.  Many grounds
are relied upon for a reversal of the judgment and the
granting of a new trial, some of which we will proceed
to notice.

We think the evidence sufficient to support the ver-
dict.  The course adopted in the impanelment of the
jury was irregular, and not in line with the established
practice (see *People* v. *Russell*, 46 Cal. 121); but it is not
necessary to determine whether or not the irregularity
occurring in the formation of the jury was prejudicial to
the rights of appellant.  We also think the information
is sufficient to support the verdict and judgment.  Many
of the objections made thereto are technical in the ex-
treme, and it is now too late to bring them to the atten-
tion of the court.  The information appears to have been
filed October 15, 1892, while it charges the offense to
have been committed October 28, 1892.  It is entirely
apparent that a mistake has occurred in the stating of
one of these two dates, and this mistake might well have
been corrected by the trial court by some appropriate
proceeding, but we think no such irregularity is here
presented as to be fatal to the case.  The information
alleged in terms that the acts charged were committed
prior to the day of its filing, and in the year 1892, thus
bringing the offense without the bar of the statute of
limitations.  The particular date alleged in the infor-
mation was not material to the sufficiency of the charge,
and we see nothing in this point to justify a new trial
of the action.

The remaining objection to which we shall direct our
attention is more serious, and we are satisfied demands
a new trial of the case. · During the progress of the
trial, and some days after the jury had been impaneled
and evidence taken, a witness for the people, while upon
the stand, became indisposed, and unable to proceed
further in giving her evidence.  At the suggestion of
the court, physicians examined her condition, and re-
ported that it would not be safe for her to again take
the witness stand for the purpose of continuing her

testimony within the next two months.   Thereupon,
against the objection of the defendant, the court made
an order continuing the case for a period of sixty-three
days, instructing the jurors to return into court at that
time, and allowing them to return to their homes and
there remain until the expiration of the continuance.
We cannot countenance the procedure here taken, and
feel that the action of the court was such an abuse of the
discretion resposed in it, that another trial must be had.
The prosecution was placed in a peculiar and embarass-
ing position by the sudden sickness of the witness, if
her testimony was important; at the same time the con-
ditions were occasioned by no fault or act of the defend-
ant, and no right of his should be sacrificed, or even
jeopardized, thereby.   The offense of which the defend-
ant was charged was a peculiarly aggravated one, and
one which was well calculated to arouse the feelings
and passions of the people of the surrounding county;
and, while it will not ordinarily be presumed that jurors
have been improperly influenced simply because an
opportunity for the practice of improper influence has
been presented, still, this case is an exceptional case, and
presents a most exceptional state of circumstances.   The
court is required to instruct the jury at every adjourn-
ment as to their duties and especially as to their con-
duct during the time extending over an adjournment.
The law is most jealous of these matters in the interests
of justice to all parties, and its care and anxiety to
have a fair and impartial jury in every case is fully
exemplified by the provisions of both constitution and
statute.   These twelve jurors returning into the jury-
box after roaming at large throughout the county and
state for a continuous period of sixty-three days, associ-
ating with their neighbors and friends and the world at
large during all this time, and without the care and
protection of the court for this long period, are not the
jurors the law contemplates for the trial of a defendant
charged with a serious offense.   Conceding them to
have been ideal jurors when the court declared the con-

tinuance, the chances largely preponderate that, under the circumstances here depicted, one or more of them did not return to the box at the expiration of the continuance in the same frame of mind as to the case as when he left it. It is highly improbable that all of them returned with minds uninfluenced by some circumstance occurring during their long vacation. While the question as to what constitutes a reasonable continuance for the purpose of securing the personal attendance of a sick or absent witness is one necessarily resting largely in the discretion of the court; and, while we do not attempt in this case to establish any fixed rule, and, indeed, while it would be impossible to lay down any fixed rule by which all cases presenting this question could be determined, still, we are well satisfied that the course here adopted must not be allowed to pass into a precedent.

It is ordered that the judgment and order be reversed,` and the cause remanded.

HARRISON, J., and PATERSON, J., concurred.