[Crim. No. 127.    Department One.—May 21, 1896.]

THE PEOPLE, RESPONDENT, v. EDWARD RANGOD, APPELLANT.

CRIMINAL LAW—RAPE OF GIRL UNDER FOURTEEN—PLEADING—LANGUAGE OF STATUTE—FORCE—WANT OF CONSENT.—An information against a defendant accused of rape committed upon a girl under fourteen years of age is sufficient where the offense is charged substantially in the language of the statute; nor is it necessary in such case to allege force by the defendant and want of consent of the child, these being immaterial factors in the offense, and not required to be proved.

ID.—PROOF OF OFFENSE—TESTIMONY OF PROSECUTRIX—CORROBORATION.—The public statement of the prosecutrix as to the guilt of the defendant, and the corroborating fact that the defendant was seen coming from her room at an unseemly hour, are sufficient to sustain a verdict against the defendant.

ID.—INSTRUCTIONS—FAILURE TO CAUTION AS TO TESTIMONY OF PROSECUTRIX.—The failure of the court in its instructions to caution the jury as to the danger of convicting the accused upon the sole testimony of the prosecutrix would not constitute reversible error in any case, without request of the defendant therefor; but such an instruction is not proper where the testimony of the prosecutrix is corroborated by other evidence, and the court, in such case, should go no further than to intimate to the jury that the testimony of the prosecuting witness should be carefully scanned.

ID.—SEXUAL PENETRATION—INSTRUCTIONS NOT MISLEADING.—An instruction that "any penetration," however slight, is sufficient in a case of rape, is not misleading for omission of the word "sexual," where the instructions taken as a whole clearly disclosed to the jury that it was sexual penetration only that was referred to.

ID.—INSTRUCTIONS ASKED BY DEFENDANT—REVIEW UPON APPEAL.—The defendant cannot be heard to complain upon appeal of error in instructions given at his request.

ID.—PROOF OF OTHER ACTS—ABSENCE OF EXCEPTIONS—HARMLESS ERROR.—Evidence of other acts of intercourse of the defendant with the prosecuting witness, besides the specific one charged, is harmless if erroneous, where the materially objectionable features of the evidence were not objected to or any exception reserved by the defendant, and where further evidence of a similar nature was stopped by the judge in a manner indicating to the jury that it should consider only the act charged, and where it further appears that the other evidence in the case was clearly sufficient to establish the act charged.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.    B. N. SMITH, Judge.

The facts are stated in the opinion of the court.

*L. Mendelson,* and *H. H. Appel,* for Appellant.

An essential element of the crime of rape is the act of sexual intercourse against the will, or without the consent, of the female. The information in this case has failed to charge that. (*People* v. *Maxon,* 10 N. Y. Supp. 593.) The testimony of the prosecutrix should be corroborated by the circumstances of the act to permit a conviction. (*Gazley* v. *State,* 17 Tex. App. 267; *Oleson* v. *State,* 11 Neb. 276; *Fisk* v. *State,* 9 Neb. 62; 4 Blackstone's Commentaries, 213; *Matthews* v. *State,* 27 Neb. 237; *State* v. *McLaughlin,* 44 Iowa, 82.) The court erred in submitting the case to the jury without cautioning it as to the danger of convicting the accused upon the sole testimony of the prosecutrix. (*People* v. *Benson,* 6 Cal. 223; *People* v. *Hamilton,* 46 Cal. 542; *People* v. *Ardaga,* 51 Cal. 371; *People* v. *Castro,* 60 Cal. 118; *People* v. *Brown,* 47 Cal. 447; *Lind* v. *Closs,* 88 Cal. 6.) The court erred in admitting evidence of the commission of other offenses. (*People* v. *Stewart,* 85 Cal. 175.) The court erred in instruction II in omitting the word "sexual." (Pen. Code, sec. 263.) Also, in its instruction as to the credibility of witnesses, in failing to state that the false oath must be willful, intentional, or given with design to conceal or mislead, and must relate to a material matter in issue on the trial. (*Minich* v. *People,* 8 Col. 452; *People* v. *Sprague,* 54 Cal. 92; *Pierce* v. *State,* 53 Ga. 365, 368; *Moresi* v. *Swift,* 15 Nev. 231; *McLean* v. *Clark,* 47 Ga. 24; *Fishel* v. *Lockard,* 52 Ga. 632.) It also erred in refusing to instruct the jury that defendant was not compelled to show by preponderance of evidence that he was innocent, and that it devolved upon the prosecution to show beyond all possible doubt that he was guilty, or that it should acquit him. (*Cochran* v. *United States,* 157 U. S. 286; *People* v. *Williams,* 17 Cal. 148; *People* v. *Hurley,* 8 Cal. 390; *People* v. *Ramirez,* 13 Cal. 172; *People* v. *Eckert,* 19 Cal. 605.)

*W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General,* and *C. N. Post, Deputy Attorney General,* for Respondent.

An information charging that a defendant did, unlawfully and feloniously, have carnal knowledge of a certain female, under the age of consent, sufficiently charges the crime of rape. (*People v. Mills,* 17 Cal. 276.) Where, in an information, the person alleged to have been raped is also alleged to be under the age of fourteen years, and not the wife of the person charged, it is unnecessary to allege resistance and nonconsent to the act, because they are conclusively presumed. (Pen. Code, sec. 261; *People* v. *Verdegreen,* 106 Cal. 215.) The testimony of the prosecutrix, corroborated by the fact that defendant was seen coming out of her room at five o'clock in the morning, is sufficient to sustain the verdict. The court did not err in not instructing the jury as to the danger of convicting defendant upon the sole testimony of the prosecutrix, as her testimony was corroborated. The omission of the word " sexual" from the instruction nowise leaves in doubt the nature of the " penetration" meant when the instruction is read in connection with the other instructions. (*People v. Morine,* 61 Cal. 370; *People* v. *Clark,* 84 Cal. 583; *People* v. *Bruggy,* 93 Cal. 484.) The word " willfully" before " false," in an instruction, does not change the effect of the instruction. (Civ. Code, sec. 2061; *People* v. *Sprague,* 53 Cal. 494.) The language of the court indicated to the jury that the testimony as to acts of intercourse different from the one charged was not to be considered by them. The evidence was not objected to, or any exception reserved. (*People* v. *Lenon,* 79 Cal. 628.)

VAN FLEET, J.—The defendant was convicted of rape, committed upon a girl under fourteen years of age, and appeals from the judgment and an order denying him a new trial.

1. The demurrer to the information was correctly overruled. The offense was charged substantially in the language of the statute, and this was sufficient.

(*People* v. *Mills,* 17 Cal. 276; *People* v. *Burke,* 34 Cal. 661.)

It was not necessary to allege force by the defendant and want of consent of the child. Facts not required to be proven need not be alleged. In this instance, it was alleged that the offense was committed upon a female under the age of fourteen years, and, in such case, force and want of consent are immaterial factors in the offense. (Pen. Code, sec. 261; *People* v. *Verdegreen,* 106 Cal. 215.)

2. There is no tenable ground for the claim that the evidence does not sustain the verdict. The positive statements of the prosecutrix as to the facts, with the corroborating fact that the defendant was seen coming from her room at the unseemly hour of 5 o'clock in the morning on the occasion testified to, left only the question whether the jury would give credence to the testimony, and this is concluded by their verdict in the affirmative.

3. Nor do we find any error in the giving or refusal of instructions. The first complaint on this head is, that the court erred in submitting the case to the jury without cautioning them as to the danger of convicting the accused upon the sole testimony of the prosecutrix. In the first place, the failure to give such caution, even in a proper case, without its request at the hands of the defendant, would not constitute reversible error. But, in the next place, any suggestion of the kind in this instance would not have been pertinent to the case made by the evidence, since it did not rest upon the unsupported testimony of the prosecutrix. She was distinctly and materially corroborated by other evidence, and, under the circumstances, any such instruction might well have been construed by the jury as an intimation from the judge that he did not regard the corroboration as material or worthy of consideration, which would have been clearly improper. Furthermore, the judge did distinctly intimate to the jury that the testimony of the prosecutrix should be carefully scanned, and this

was going as far in this regard as he was warranted under the circumstances.

The jury were told that "any penetration," however slight, is sufficient in a case of rape; and it is urged that the instruction was erroneous because of the omission of the qualifying word "sexual," since it is only sexual penetration which will constitute the offense. But we do not regard the omission as material, in view of the other instructions defining the offense, and which, read in connection with the one under consideration, very clearly disclosed to the jury that it was sexual penetration which was referred to in the latter.

There are no further objections under this head calling for particular notice. The defendant cannot be heard in criticism of the instruction upon the credibility of witnesses, even if erroneous, since it was given at his request, and, so far as the portion now criticised is concerned, in his own words. As to the requested instructions refused, they are fully covered by those given.

4. We do not regard the action of the court upon the effort of the prosecution to introduce evidence of acts of intercourse by the defendant with the prosecutrix other than the specific one charged, as prejudicial error, if error it be. The materially objectionable features of the evidence called out were not objected to, or any exception reserved; and, as soon as the purpose of the prosecution was made clear to the judge, any further inquiry in that direction was stopped, and in a manner which must have clearly indicated to the jury that it should consider only evidence as to the one act. But, furthermore, even if the objectionable evidence which did come before the jury was considered by them, we do not think, in view of the other evidence in the case, that the defendant could have been materially affected thereby, and the judgment should not therefore be reversed on that ground.

The judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.