STATE OF IOWA, Appellant, v. JOHN JOHNSON, Appellee.

**Indictment:** ASSAULT TO RAPE. An indictment for assault with intent to commit rape, charging that the accused, "on or about. the 30th day of June, A. D. 1900, in the county of Polk, in the state of Iowa, did wilfully. unlawfully, and with force and violence, make an assault on one B., a female, with intent then and there her, the said B., wilfully, unlawfully, and feloniously to ravish and carnally know, by force and against her will," sufficiently sets forth the facts constituting the offense charged.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, OCTOBER 2, 1901.

DEFENDANT was indicted for the crime of an assault with intent to commit rape. At the close of the evidence for the state, the defendant filed a motion for a directed verdict, which was sustained, and the state appeals.—*Reversed.*

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van Vleck,* Assistant Attorney-General, for the State.

*J. B. Rursh* and *J. A. Haire* for appellee.

DEEMER, J.—The case comes to us on a printed abstract, without argument for either side. The charging part of the indictment reads as follows: "The said John Johnson, on or about the 30th day of June, A. D. 1900, in the county of Polk, and state of Iowa, did willfully, unlawfully, and with force and violence, make an assault upon one Belle Nixon, a female, with intent then and there, her, the said Belle Nixon, willfully, unlawfully, and feloniously to ravish and carnally know, by force and against her will, contrary to the form of the statute in such case made and provided, and

against the peace and dignity of the state of Iowa." The motion to direct was based on insufficiency of the indictment and on failure of proof. As we understand it, the court held the indictment insufficient because it did not set forth the facts constituting the offense attempted to be charged.

It is well settled in this state that an indictment in the language of the statute is sufficient when it so far individuates the offense that the offender has proper notice from the statutory terms, of the particular crime charged. *State v. Porter*, 105 Iowa, 667; *Slate v. Bauguess*, 106 Iowa, 107. Thus it has been held sufficient to charge seduction in the language of the statute (*State v. Curran*, 51 Iowa, 113; *State v. Whalen*, 98 Iowa, 663; *State v. Conkright*, 58 Iowa, 338; *State v. Bauguess*, 106 Iowa, 107); and subornation of perjury (*State v. Porter, supra*). As said in this case, "The crime does not inhere in the method or means, but in the result." While we have no case directly in point, such an indictment as the one before us has been sustained in other states under similar statutes. *State v. Hanlon*, 62 Vt. 338 (19 Atl. Rep. 773); *Bradford v. State*, 54 Ala. 233; *People v. Rangod*, 112 Cal. 669 (44 Pac. Rep. 1071); *Dooley v. State*, 28 Ind. 239; *State v. White*, 44 Kan. 521 (25 Pac. Rep. 33); *O'Connell v. State*, 6 Minn. 279 (Gil. 190); *Jackson v. State*, 91 Wis. 253 (64 N. W. Rep. 838). In *State v. Seamons*, 1 G. Greene, 418, an indictment for an assault with intent to inflict great bodily injury in the language of the statute was held sufficient, although it did not allege the nature of the assault.

We are constrained to hold the indictment sufficient. There was ample evidence adduced to justify a verdict of guilty if the jury believed the witnesses for the proscution. The trial court was in error in directing a verdict, and to establish a correct rule of law the case must be REVERSED.