[Crim. No. 95. Second Appellate District.—September 28, 1908.]

THE PEOPLE, Respondent, v. JOHN H. SHEFFIELD,
Appellant.

CRIMINAL LAW—RAPE—SUFFICIENCY OF INFORMATION—TIME OF OF-
FENSE.—An information for rape committed upon a female under the
age of sixteen years, which charges that the offense was committed
"on or about" a specified date, within the time limited for filing
the information, is sufficiently definite as to time.

ID.—AVERMENT OF NONMARRIAGE OF GIRL UNNECESSARY.—It is suffi-
cient that the information alleges that the female under sixteen
years of age, with whom sexual intercourse was had by defendant,

was not at the time the wife of the defendant; and it is not required that it should aver that she had never been married to another person. The offense is complete under the statute, even though the female may have been at the time of the offense the wife of another.

ID.—INSTRUCTIONS—PRESUMPTION OF TRUTHFULNESS—REBUTTAL BY BIAS AND PREJUDICE.—A charge by the court that "the presumption that a witness speaks the truth may be repelled by his interest in the case, if any, or his bias or prejudice, if any," though it goes beyond section 1847 of the Code of Civil Procedure, is not, therefore, error; and it amounts only to telling the jury that interest and bias may be considered in weighing the testimony.

ID.—BELIEF OF PROSECUTRIX—REASONABLE DOUBT.—The court properly instructed the jury: "If you believe the prosecutrix, and are satisfied from all the evidence in the case, beyond a reasonable doubt, of the defendant's guilt, then you should so find."

ID.—INSTRUCTION AS TO "PENETRATION"—OMISSION OF "SEXUAL" NOT PREJUDICIAL.—An instruction that "proof of any penetration, however slight, is sufficient in a case of rape," is not rendered prejudicial by the omission of the word "sexual" preceding the word "penetration," where, in view of the other instructions defining the offense, and which must be read in connection therewith, it was clearly disclosed to the jury that "sexual penetration" was referred to in such instruction.

ID.—CONSTRUCTION OF PENAL CODE—"SEXUAL PENETRATION"—PROVISION INCLUSIVE OF OFFENSE CHARGED.—The provision in section 263 of the Penal Code that "any sexual penetration, however slight, is sufficient to complete the crime," refers to every definition of "rape" contained in section 261 of that code, including the offense here charged, of "rape" by "sexual intercourse with a female under the age of sixteen years."

ID.—CONSTITUTIONALITY OF OFFENSE—KNOWLEDGE—MOTIVE—CRIMINAL INTENT.—Section 261 of the Penal Code, defining the offense charged, is not unconstitutional in making the act of sexual intercourse with a female under the age of sixteen years a felony, independent of whether or not the accused intended any crime, or had any notice or knowledge of any fact or facts which would constitute his acts a crime. In such case, the illegal motive is present, and becomes a criminal intent, when the facts, at whose peril he acts, are shown to exist.

ID.—PROTECTION OF SOCIETY AND FAMILY—ESTOPPEL OF OFFENDER.— The protection of society, of the family, and of the infant, demands that one who has carnal intercourse with an infant shall do so in peril of the fact, and he will not be heard against the evidence to urge his belief that the victim of his outrage had passed the period which would make his act a crime.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

H. H. Appel, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant was convicted of rape committed upon a female child under the age of sixteen years. He appeals from the judgment and order denying a new trial.

The information filed, and upon which defendant was tried, charged that the offense was committed "on or about the 12th day of October, 1907." It is insisted that the information is defective because the precise time was not stated. This is not necessary under section 955 of the Penal Code, except where the time is a material ingredient in the offense. That it is not such an ingredient, where rape by means of force is charged, is determined in the case of *People* v. *Dinsmore,* 102 Cal. 382, [36 Pac. 661]. No convincing reason is suggested why a different rule should apply where the female is by statute rendered incapable of consent. The information charges that at the time of the commission of the act the female was under the age of consent, and it clearly appears that the offense was committed within the three years immediately preceding the filing of the information. This is sufficient. It is unnecessary to allege that the female had never been married to anyone before the commission of the act. It is sufficient to aver and prove that she was under the age of consent and not at the time the wife of the one having sexual intercourse with her. The offense is complete under the statute, even though the female may have been at the time the wife of another.

The charge of the court, "that the presumption that a witness speaks the truth may be repelled by his interest in the case, if any, or his bias or prejudice, if any," while it goes beyond section 1847, Code of Civil Procedure, is not therefore error. "It amounts only to telling them (the jury) that interest and bias may be considered by them in weighing the

testimony, as undoubtedly may be done.'' (*People* v. *Amaya,* 134 Cal. 540, [66 Pac. 794].)

We see no error in the charge which instructed, ''if you believe the prosecutrix, and are satisfied from all of the evidence in the case, beyond a reasonable doubt, of the defendant's guilt, then you should so find''; nor in that other charge, ''that proof of any penetration, however slight, is sufficient in a case of rape.'' With reference to the latter charge, it may be said the crime of rape is defined by section 261 of the Penal Code, and that part of section 263 embodied in the charge last referred to is applicable alike when the crime is committed under any of the circumstances set forth in section 261.

The omission of the word ''sexual'' as preceding the word ''penetration'' could not have been prejudicial. As said in *People* v. *Rangod,* 112 Cal. 673, [44 Pac. 1071]: ''We do not regard the omission as material, in view of the other instructions defining the offense, and which, read in connection with the one under consideration, very clearly disclosed to the jury that it was sexual penetration which was referred to in the latter.''

The proposition advanced, that section 261 of the Penal Code is unconstitutional, in that it makes the act a felony independent of whether or not the accused intended any crime, or had any notice or knowledge of any fact or facts which would constitute his acts a crime, is met and determined adversely to appellant in *People* v. *Ratz,* 115 Cal. 132, [46 Pac. 915], and *People* v. *Griffin,* 117 Cal. 586, [59 Am. St. Rep. 216, 49 Pac. 712], wherein it is held that in cases like this and of kindred character, ''the illegal motive is present, and that illegal motive becomes a criminal intent when the facts, at whose peril he acts, are shown to exist.'' ''The protection of society, of the family, and of the infant, demand that one who has carnal intercourse under such circumstances shall do so in peril of the fact, and he will not be heard against the evidence to urge his belief that the victim of his outrage had passed the period which would make his act a crime.''

An examination of the record discloses no prejudicial error therein, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.