[Crim. No. 471. First Appellate District.—November 20, 1913.]

THE PEOPLE, Respondent, v. GEZA HORVATH, Appellant.

CRIMINAL LAW—INFORMATION—WAIVER OF OBJECTIONS IN ABSENCE OF DEMURRER.—An objection to an information that it does not substantially conform to the requirements of sections 950 and 952 of the Penal Code, will be regarded as waived in the absence of a demurrer.

ID.—RAPE—INFORMATION IN LANGUAGE OF STATUTE.—An information for rape, drawn in substantial compliance with section 261 of the Penal Code, is sufficient.

ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT OF GUILTY.—In this prosecution for rape the evidence is sufficient to support the verdict of guilty.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ASSIGNMENT OF ERROR—REVIEW ON APPEAL.—Asserted error of the trial court in failing to instruct the jury to disregard certain alleged prejudicial remarks of the district attorney during the argument of the case will not be considered on appeal where the record fails to show what such remarks were, or that any objection was made to them at the time, or that any request for an instruction to the jury to disregard them was ever made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Frank Schilling, for Appellant.

U. S. Webb, Attorney-General, C. M. Fickert, District Attorney, and Edward A. Cunha, Assistant District Attorney, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction of the defendant of the crime of rape.

Appellant contends that the information is insufficient in the several particulars set forth in the briefs of his counsel upon this appeal. No demurrer was presented to the information, and the first objection to either its form or substance was that contained in appellant's application under section 1247 of the Penal Code for a transcription of the record; wherein the appellant, in stating the grounds of his appeal, asserts: 1. That the information does not subtantially conform to the requirements of sections 950 and 952 of the Penal Code; and, 2. That the facts stated in said information do not constitute a public offense.

In the absence of a demurrer the first of these objections must be held to have been waived (Pen. Code, sec. 1012) ; and as to the second objection, we find it to be without merit. The information is drawn in substantial compliance with section 261 of the Penal Code, which has always been held sufficient in this state. (*People* v. *Burke,* 34 Cal. 661; *People* v. *Rangod,* 112 Cal. 669, [44 Pac. 1071].)

The next objection of the appellant is that the evidence is not sufficient to support the verdict of the jury. We are convinced from an examination of the reporter's transcript of the evidence that this contention is also devoid of merit, and that the defendant was properly convicted upon the evidence presented to the jury, unless we shall find that the court committed some prejudicial error of law during the course of the trial.

As to the alleged errors of law in ruling upon the admission of evidence and in the instructions, which are specified in the appellant's brief, we find that they are all trivial and in the main not sustained by the state of the record; and as to the asserted error of the court in failing to instruct the jury to disregard certain alleged prejudicial remarks of the district attorney during the argument of the case, the record utterly

fails to show what such remarks were, or that any objection was made to them at the time, or that any request for an instruction to the jury to disregard them was ever made.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.