[Crim. No. 1221. Third Appellate District.—November 30, 1932.]

THE PEOPLE, Respondent, v. SIGURD FORBRAGD, Appellant.

A. M. Mull, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—The appellant was charged on information, tried and convicted of the crime of incest and appeals

from the judgment and from the order denying him a new trial.

▇ No good purpose would be accomplished by a recital of the details of the testimony of the prosecutrix. Her testimony was direct and positive, not only as to the act complained of but of the subsequent abortion in which the appellant abetted.

Appellant's counsel, in his cross-examination, developed certain inconsistencies in the testimony of the prosecuting witness, and asserts it is unreasonable and not in accord with truth or reason, but it was the province of the jury to weigh all of the evidence admitted by the court and determine where the truth lay, and they, after listening to the testimony introduced by the People and the defendant, under proper instructions and before a fair and impartial court, found the defendant guilty of the crime of incest.

Mr. Fred Hauser, a police officer of the city of Sacramento, called as a witness by the People, testified on cross-examination, as to a conversation upon the arrest of defendant between himself and appellant:

"Q. What did he say? A. 'What they got against me'— his daughter—'is true'. Q. He said that? A. Yes. Q. Give us the exact words he said, though. A. What is that? Q. Give us the exact words he said though. What was the words he used when he said it? A. 'What she says is true. The quicker I go before a jury, the better off I am.' " And, later on, in the course of the same cross-examination, the following questions were asked and the answers given:

"Q. And how long a conversation was this? A. Well, I was there about three or four minutes, you see, and I was interrupted, and I had to go on down the stairs again. Q. And he didn't deny it? A. No, and he didn't admit nothing. Q. Didn't admit anything, and didn't deny anything? A. No."

The appellant, as a witness in his own behalf, was on cross-examination asked the following questions as to statements made to the committing magistrate:

"Q. Do you remember of testifying over in the Police Court? A. I didn't testify in the Police Court. Q. Do you remember making a statement to the judge over there? A. I made a statement that I would,— Q. Interposing:

All right. I will read this to you. It might refresh your memory. A. All right. (Mr. O'Neill) : This is page 25, of the Police Court: 'Magistrate',—That is the judge—, 'Well, this is a preliminary examination, for me to determine whether or not you are guilty of this charge, or, if not, that you are not guilty, but if there is sufficient cause, probable cause, to warrant my holding you to answer to another court, a higher court, where you would be tried before a jury, to determine your guilt or innocence.' Answer by yourself, the defendant: 'Well, the only thing I can do— all what I can do is to plead guilty and throw myself on the mercy of the court.' "

On redirect examination, in answer to a question by his counsel: "Q. Well, did you make the statement in the transscript there—as it was read by the District Attorney? A. That I wasn't guilty, but that I threw myself on the mercy of the jury. (Mr. Mull) : Well, that isn't the question. The question is, did you make the statement that the District Attorney read from the transcript, to the Police Judge? A. Well, if that's the way it is down there, I must have said it, then."

■ Appellant points out that the verdict in this case follows the allegations in the information, which charge the defendant with having committed the act of incest on the —— day of October, 1930, as does also the reference in the instructions of the court.

At the opening of the trial and prior to the introduction of testimony, the attorney for the defendant requested the district attorney to elect upon which act of sexual intercourse he would rely, and thereupon the district attorney announced the prosecution would rely upon the act in August, 1930. We are of the opinion that neither the defendant nor the jury were or could have been misled by the reference to October ——, 1930, in the instructions nor the verdict.

In the case of *People* v. *Sheffield*, 9 Cal. App. 132 [98 Pac. 67, 68], the information charged that the offense was committed "on or about the 12th of October, 1907", and it was insisted that the information was defective, because the precise time was not stated. The court there said:

"This is not necessary under section 955 of the Penal Code, except when the time is a material ingredient in the

offense. That it is not such an ingredient, where rape by means of force is charged, is determined in the case of *People* v. *Dinsmore,* 102 Cal. 382 [36 Pac. 661]. No convincing reason is suggested why a different rule should apply where the female is by statute rendered incapable of consent. The information charges that at the time of the commission of the act the female was under the age of consent and it clearly appears that the offense was committed within the three years immediately preceding the filing of the information. This is sufficient."

So, in the case at bar, time is not a material ingredient, it being alleged that the act complained of was accomplished with his daughter, always an actionable wrong, if within the statute of limitations.

█ Appellant also complains that the order relative to appellant's application for probation should have been made before the passing of judgment or sentence, but this also is untenable under section 1203 of the Penal Code, which provides that the court may summarily deny probation, or, at a time fixed, may hear and determine, in the presence of the defendant, the matter of probation. Courts have power to hear and determine applications for probation at any time prior to the execution of sentence. (*Lloyd* v. *Superior Court,* 208 Cal. 622 [283 Pac. 931].)

█ Appellant also complains that prejudicial error was committed by the asking by the district attorney of a leading question of prosecutrix, but an examination of a previous answer of the witness indicates that she was not led into the response given.

It is apparent from the record that the guilt of the defendant is clearly established and that there was ample evidence to justify the verdict of the jury, orders and judgment of the court.

The order and the judgment are affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.