## DEIBEL v KINNEAR

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 20, 1934

J. V. Murphy, Youngstown, and W. P. Barnum, Youngstown, for plaintiff in error.
C. M. Wilkins, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

The fact that no deed had been prepared by Mr. Kinnear; that he had no communication with Mr. Deibel to the effect that a deed be prepared until this meeting mentioned, would indicate that he was at least somewhat dilatory in the exercise of his rights. The extension of the term, as provided in the renewal, reads as follows:

"The conditions and terms of the within option are hereby extended for a period of thirty days, ending on April 26th, 1930."

It is claimed that thirty days would expire on the 25th day of April, and that the right to exercise the option had thereby been lost. While this provision is somewhat ambiguous, it says: "—ending on the 26th day of April, 1930," and it is thought that Mr. Kinnear had a right under the circumstances to depend upon that date so stated, and this court is of the opinion that the right to properly exercise the option had not then expired.

The option provided for a conveyance by Deibel to Kinnear, or his assigns, "free and clear of all incumbrances excepting taxes and assessments for the year 1929." The parties are not in accord upon the proposition as to whether that provision required a release of inchoate right of dower by Mrs. Deibel joining in the conveyance with her husband and so releasing. It is contended by plaintiff in error that such was not required.

A perusal of the case of **Peoples Savings Bank Company v Parisette et, 68 Oh St, p. 450,** which seems to state the generally recognized rule in Ohio upon this subject, is to the effect that

"A right of dower, although inchoate, is so far an incumbrance upon the lands on which it attaches as to be within the operation of the ordinary covenant against incumbrances."

This court is of the opinion that the deed required the participation of Mrs. Deibel therein for the release of inchoate dower.

After a careful perusal of the testimony, this court is of the opinion that the verdict is against the manifest weight of the evidence upon the essential proposition, that a proper tender be made of the amount required by the terms of the option, and furthermore, that Mr. Deibel, by his conduct, as shown by the evidence, did not waive the right of a proper tender. Whether it was known to Mr. Kinnear previous to the date of the meeting that Mrs. Deibel was abroad or not, the record does not disclose. It can not be affirmatively said, however, that her inability to be present would necessarily be recognized by Mr. Deibel as constituting inability on his part to prepare and present a proper deed.

It was suggested in his behalf that under the circumstances a deed be prepared and that with the money, in proper amount, be placed in escrow until Mrs. Deibel's return and her signing the deed. It appears from the testimony of Mr. Pugh that immediately following the failure to complete the deal on the Saturday forenoon in question, he, after consultation with his attorney, decided to go no further with the deal, so that apparently Mr. Kinnear was thereafter unable, so far as indicated by the evidence, by reason of not having the money, to make the proper tender. It is further somewhat significant that Mr. Kinnear expected to have a tender made of the money paid by Pugh, and that Mr. Pugh expected when the money was paid that he should have security by mortgage upon the premises, and that neither had evidently given any consideration to the proposition as to how this matter should be worked out, and did not have a deed and mortgage prepared, as might have been done, and such conveyance as executed to be delivered to the proper parties when the money was paid.

It is further claimed in behalf of the plaintiff in error that under the circumstances Mr. Deibel was entitled to some extension of time in which to prepare and execute and deliver a proper deed, and concerning this it is said in the case of **Raudebaugh v Hart, 61 Oh St, 87:**

"As expressed by Woodworth, J., in Fuller v Hubbard, 6 Cow., 13: 'There is, then, something more to be done than the simple payment or the tender of the purchase money. A conveyance must be demanded. Nor would this alone appear to satisfy the principle of the rule. A reasonable time should be allowed to the vendor to prepare the conveyance. The purchaser not having himself prepared it (which he may do), he shall not be allowed to retire immediately and bring his action, but should present himself to receive the conveyance, which he has thus required to be furnished. Deliberation and advice of counsel may be necessary in settling its terms. The framing and execution of modern conveyances even with us, where the titles to real estate are much less complicated than in England, are not like the payment of money, or the delivery of a chattel.'

The rule here announced is followed in a number of other cases in New York and elsewhere. Wells v Smith, 2 Edwards' Ch'y, 78; Bruce v Tilson, 25 N. Y. 196; Fuller v Williams, 7 Cow. 54; Connelly v Pierce, 7 Wend, 129; Slocum v Despard, 8 Wend., 619; Hartley v James, 50 N. Y., 43; People v Mills, 17 Cal. 276."

This authority, which does not seem to have been modified by any subsequent decision of the Supreme Court would, under the circumstances, give the plaintiff in error, Diebel, the right to have some reasonable time in which to prepare and present a proper deed.

The following request to charge after argument was made by the defendant below:

"If you find from the evidence that the plaintiff did not notify the defendant that he wished to exercise his option until just before noon of April 26th, the law would not require the defendant to have a deed ready in waiting for the plaintiff to exercise his option, and that the defendant would have a reasonable length of time in which to execute a deed for plaintiff."

Under the circumstances involved, as indicated by the evidence, this court is of the opinion that this request should have been given by the court to the jury, and that prejudicial error resulted in its refusal.

So far as the verdict in the sum of $5,000 being excessive, no evidence upon the subject of damages was offered by the plaintiff in error, and the testimony of the several witnesses who testified, if believed by

the jury, would justify the amount of the verdict.

Other allegations of error are urged by the plaintiff in error as constituting ground for reversal. None, however, except the two herein above mentioned, the refusal of the court to instruct the jury, and the evidence with regard to the tender, are considered sufficiently erroneous to require a reversal.

The judgment of the Court of Common Pleas is reversed and final judgment entered.

Judgment reversed.

FARR and LYNCH, JJ, concur in the judgment.