[Crim. No. 6970.   Second Dist., Div. Two.   Apr. 19, 1960.]

THE PEOPLE, Respondent, v. EUGENE COURTNEY, Appellant.

Umann & Marks and Burton Marks for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

RICHARDS, J. pro tem.*—Defendant was convicted of violating Penal Code, section 261, subdivision 1 (statutory rape). His motion for new trial was denied. He has appealed from the judgment of conviction and from the order denying his motion for new trial.

Defendant accomplished an act of sexual intercourse with a female who, at the time thereof, was under the age of 18 years and who was not his wife. She was, however, a married woman at the time the act occurred.

*Assigned by Chairman of Judicial Council.

■ The only question presented is whether subdivision 1 of Penal Code, section 261 (statutory rape) applies where the female is not the wife of the defendant, is under the age of 18 years, but is married.

The defendant contends that a fair construction of the applicable statute shows it was not the intent of the Legislature to thereby protect the morals of a married woman under the age of 18 years. He argues that a female child who, with consent, marries under the age of 18 years is thereby emancipated from parental authority (Civ. Code, § 204), and, if thereafter divorced, is capable of consenting to a second marriage though still under age. Hence, he argues, by a remarriage she is capable of consenting to contemplated acts of sexual intercourse even though under the age of 18 years.

We cannot agree. The purpose of the section is to protect young girls from illicit acts of intercourse. When a girl marries, consummation of that marriage with her husband is neither immoral nor illicit. The fact that a previously married female under 18 years of age may consent to a second marriage without parental consent does not mean that she can consent to illicit sexual intercourse so as to take it out of the statutory provision. The statute is explicit and does not except sexual intercourse with any female, married or unmarried, under the age of 18 years. The presence or absence of consent is immaterial in a prosecution under Penal Code, section 261, subdivision 1. The statute makes a girl under 18 years of age incapable of giving legal consent to illicit acts of intercourse. (*People* v. *Edwards*, 163 Cal. 752, 757 [127 P. 58]; *People* v. *Verdegreen*, 106 Cal. 211, 214-215 [39 P. 607, 46 Am.St.Rep. 234].)

There appears to be no definitive decision on the point in California. In passing upon the sufficiency of an information charging that at the time of the commission of the act the female was under the age of consent, the court in *People* v. *Sheffield*, 9 Cal.App. 130, says at page 132 [98 P. 67] : ''It is unnecessary to allege that the female had never been married to anyone before the commission of the act. It is sufficient to aver and prove that she was under the age of consent and not at the time the wife of the one having sexual intercourse with her. The offense is complete under the statute, even though the female may have been at the time the wife of another.''

Persuasive authority is found in *State* v. *Huntsman*, 115 Utah 283 [204 P.2d 448]. The Utah statute, while phrased

somewhat differently than subdivision 1 of Penal Code, section 261, proscribes carnal intercourse with a female between the ages of 13 and 18. The female involved was but a few days under 18 and was married at the time of the act. Defendant's counsel therein presented the same arguments here made. The Utah court, in rejecting the contention, said at page 451 [204 P.2d]: "Had the legislature intended to exclude her from the protection of this statute it could have very easily so provided. Since it did not, we do not feel justified in reading such a provision into the statute. [Citations.] . . . We conclude that illicit sexual intercourse with a female between the ages of 13 and 18 constitutes the crime of carnal knowledge even though the female is a married woman."

The power to except from the operation of subdivision 1 of Penal Code, section 261, illicit intercourse with a married female under the age of 18 years and who is not the wife of the perpetrator, rests with the Legislature and not this court.

The judgment and the order denying motion for new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.