KINGSLEY, J.
 

 Defendant was charged with statutory rape (Pen. Code, § 261, subd. 1). Defendant pled not guilty; the cause was tried without a jury; defendant was found guilty as charged; a probation report was ordered
 
 •
 
 probation was denied and defendant was sentenced to state prison for the term prescribed by law.
 

 Defendant met the prosecutrix Margaret Jean McCoy after Christmas in December of 1965, and they dated until some time in March 1966. Defendant was married to another woman and living with his wife during the entire period. The prosecutrix was married but separated from her husband the entire time. Defendant engaged in an act of sexual intercourse with the prosecutrix on March 2, 1966, when she was 15 years of age. On different occasions defendant was advised by the prosecutrix’s mother that she was 15 years old and (correctly as we point out) that she was “San Quentin quail.” There was a witness to two of these conversations.
 
 *226
 
 The prosecutrix also told defendant she was 15. Defendant admitted hearing that she was 15 on one occasion shortly before he was picked up on the statutory rape charge. The prosecutrix’s sisters often teased defendant about her age. During this period prosecutrix attended high school, and defendant claimed that he did not know she was a student until a few weeks before he ‘ ‘ got busted. ’ ’
 

 Defendant testified that the prosecutrix said she was 18 going on 19, and that she wore a wig, stockings, and eye makeup and looked like an adult woman.
 

 Defendant argues that the statutory rape law (Pen. Code, § 261) should not be applied in the case of a previously married female under 18 since Civil Code section 204 terminates parental authority on the marriage of a child, thereby recognizing tire child as an adult. Defendant cogently argues that “The purpose of statutory rape laws is to prevent victimization of immaturity” ((1965) 17 Stan.L.Rev. 309, 310;
 
 People
 
 v.
 
 Hernandez
 
 (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]), that a previously married person is recognized -as mature by section 204 of the Civil Code, and therefore protection of a married minor is outside the purpose of the statutory rape laws. Defendant gives support to his contention that a married minor is recognized as mature by showing that the parent is relieved of support duty on the marriage of his child.
 
 (Kamper
 
 v.
 
 Waldon
 
 (1941) 17 Cal.2d 718, 720 [112 P.2d 1].)
 

 However, it is clear that, although the Legislature has recognized married minors as having capacity to enter into certain transactions, the Legislature has deemed married minors as immature for certain purposes. For example, “It is not. . . reasonable to suppose that it was the intent of the Legislature to give them [married minors] the status of adults when they attempt to enter into an unlawful engagement.”
 
 (Smith
 
 v.
 
 Superior Court
 
 (1960) 187 Cal.App.2d 609, 611 [10 Cal.Rptr. 1]; see also,
 
 People
 
 v.
 
 Vassar
 
 (1962) 207 Cal.App.2d 318 [24 Cal.Rptr. 481].)
 

 In any ease the issue at bench has been settled in
 
 People
 
 v.
 
 Courtney
 
 (1960) 180 Cal.App.2d 61 [4 Cal.Rptr. 274]. The
 
 Courtney
 
 court held that the fact that a previously married female under 18 years of age may consent to a second marriage without parental consent does not mean that she can consent to illicit sexual intercourse such that this behavior is taken out of the statutory rape provision of the Penal Code. We do not agree with defendant’s contention that the
 
 *227
 

 Courtney
 
 case was weakened by
 
 People
 
 v.
 
 Hernandez, supra
 
 (1964) 61 Cal.2d 529. The
 
 Hernandez
 
 ease merely held that evidence of a good faith belief by the defendant that the prosecutrix was over 18 years of age is admissible in establishing a defense to statutory rape, thereby giving effect to the long established rule that culpability requires a wrongful intent. The
 
 Hernandez
 
 ease does not hold that a girl under 18, married or unmarried, can consent to illicit intercourse. In fact, the implications of that decision are to the contrary.
 
 [1]
 

 If some of the rules concerning statutory rape are anachronistic and require revision in an electronic age where young people are more sophisticated and have more information than at any time in history, it is for the Legislature, and not for us, to exclude the Lolitas of this new world from the protection of the statute. “The power to except from the operation of subdivision 1 of the Penal Code, section 261, illicit intercourse with a married female under the age of 18 years and who is not the wife of the perpetrator, rests with the Legislature and not this court. ’'
 
 (People
 
 v.
 
 Courtney, supra
 
 (1960) 180 Cal.App.2d 61, 63.)
 

 The judgment is affirmed.
 

 Files, P. J., and Jefferson, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied December 13, 1967. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 In
 
 Hernandez
 
 the court said of its holding: ‘1 This is not to say that the granting of consent by even a sexually sophisticated girl known to be less than the statutory age is a defense.
 
 ’ ’ (People
 
 v.
 
 Hernandez, supra
 
 (1984) 61 Cal.2d 529, 536.)