[Civ. No. 33494.   Second Dist., Div. Two.   July 16, 1969.]

JAMES LAWRENCE WHALEN, Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE ALHAMBRA JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Roger A. Kander for Plaintiff and Appellant.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

WRIGHT, J.—On October 30, 1967, defendant James Lawrence Whalen was charged in the Municipal Court, Alhambra Judicial District, with a violation of section 23102 of the Vehicle Code, driving under the influence of intoxicating liquor. On January 30, 1968, defendant at a hearing termed a "pre-trial" hearing in said municipal court moved to suppress evidence obtained in field sobriety tests. The motion was denied and the defendant filed a writ of prohibition in the superior court to restrain the municipal court from proceeding with the trial. The superior court denied the writ on March 27, 1968, and defendant appeals from the order of denial. A stay was granted by the superior court preventing the cause from proceeding to trial.

### Statement of Facts

On October 29, 1967, defendant was observed driving on the Long Beach Freeway and was stopped by police officers for questioning as to whether he was operating a motor vehicle under the influence of intoxicating liquor. On at least two occasions he was advised of his rights under *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.E.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. Defendant testified at the special pretrial hearing that upon being advised of his constitutional rights, he demanded that he be permitted to call an attorney. The arresting officer testified that no such request was made until after the defendant had been taken to the station for booking. Certain well known field sobriety tests such as walking heel to toe on an imaginary line, the finger to nose test, and several balance exercises were administered to the defendant near the scene where he had been stopped. The officer first performed each test and then asked the defendant to repeat the particular procedure. There was no oral communication in connection with the tests other than the giving of instructions by the officer. Upon the completion of the examination the officer formed the opinion that the defendant was under the influence of intoxicating liquor, and defendant was placed under arrest and was taken in the police vehicle to the station. Both the defendant and the arresting officer testified that at the station the defendant demanded that he be permitted to telephone his attorney. Some hours elapsed before he completed such a call. Defendant was advised of the requirements of section 13353 of the Vehicle Code (the implied consent provisions) and was given an option as to which of the three specified tests—chemical blood, breath or urine—he preferred to take. He first indicated a willingness to submit a sample of

urine for analysis. The offer was withdrawn and defendant indicated a willingness to submit a breath sample. However, he demanded a wait of 30 minutes and also requested that his attorney be present at the time the sample was to be taken. As a result no chemical test was administered.

### DEFENDANT'S CONTENTIONS

Defendant contends that the evidence obtained from the field sobriety tests should be suppressed because it violates both the privilege against self-incrimination of the Fifth Amendment of the United States Constitution and the right to counsel as guaranteed by the Sixth Amendment. These contentions are interrelated and must be considered together.

Our initial inquiry must be directed to whether the evidence secured as a result of field sobriety tests is the type which the Fifth Amendment of the Constitution of the United States is designed to protect. As stated in *Miranda* v. *Arizona, supra,* 384 U.S. at page 439 [16 L.Ed.2d at p. 704], "[W]e deal with the admissibility of *statements* obtained from an individual who is subjected to custodial police interrogation and the necessity for procedures which assure that the individual is accorded his privilege under the Fifth Amendment to the Constitution not to be compelled to incriminate himself." (Italics added.) When discussing the type of evidence which the Fifth Amendment protects, courts have repeatedly distinguished between "testimonial" and "physical" evidence. (See *Schmerber* v. *California,* 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826], involving chemical blood tests; *People* v. *Ellis,* 65 Cal.2d 529 [55 Cal.Rptr. 385, 421 P.2d 393], involving voice identification; *People* v. *Sudduth,* 65 Cal.2d 543 [55 Cal.Rptr. 393, 421 P.2d 401], involving breathalyzer test; *People* v. *Graves,* 64 Cal.2d 208 [49 Cal.Rptr. 386, 411 P.2d 114], involving handwriting exemplars.)

In *Schmerber* v. *California, supra,* the defendant was forced to subject himself to a blood test against his will to determine if he had been driving an automobile while under the influence of intoxicating liquor. ▮ The United States Supreme Court stated at pages 764, 765 [16 L.Ed.2d at pp. 916-917]: "The distinction which has emerged, often expressed in different ways, is that the privilege [against self-incrimination] is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it. . . . Since the blood test evidence, although an

incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds.''

We adopt the rationale of *Schmerber* v. *California, supra,* for it is apparent that if evidence obtained over a defendant's objection from a blood test is not covered by the Fifth Amendment, assuredly evidence obtained by an officer in observing a defendant perform the simple physical exercises required in a field sobriety test does not fall within the' protection of the privilege.

An additional and compelling reason with respect to this issue is clearly stated by Mr. Chief Justice Traynor in *People* v. *Sudduth, supra,* at page 546 : ''In a day when excessive loss of life and property is caused by inebriated drivers, an imperative need exists for a fair, efficient, and accurate system of detection, enforcement and, hence, prevention. [Citation]. . . . A wrongful refusal to cooperate with law enforcement officers does not qualify for such protection [against comment on a failure to submit to a breathalyzer test]. A refusal that might operate to suppress evidence of intoxication, which disappears rapidly with the passage of time [citation], should not be encouraged as a device to escape prosecution.''

The second portion of defendant's contention that there was a violation of his right to counsel as guaranteed by the Sixth Amendment of the Constitution of the United States by reason of the fact that an attorney was not present at the time the field tests were administered is wholly without merit.

Little imagination is required to envision the chaos which would follow if officers engaged in the enforcement of traffic laws were required to wait at the scene where an individual suspected of driving a motor vehicle while under the influence of intoxicating liquor was stopped to await the arrival of an attorney before field sobriety tests could be administered. It is common knowledge that many of such detention incidents occur in the early morning hours when there is little likelihood that counsel would be available. Many such incidents occur at great distances from the vicinity where the suspected individual resides making recourse to counsel difficult if not impossible. It is also common knowledge that frequently suspected individuals are permitted to continue operating the vehicle after successfully passing the field sobriety tests.

We are unwilling to extend the requirements of *Miranda* v. *Arizona, supra,* to cover such situations nor are we willing to

adopt the rationale of *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926] (police lineup procedures) to the facts before this court.

The courts of this state have repeatedly held that a defendant is not entitled to consult with an attorney prior to determining whether he should submit to a chemical test of his blood, breath or urine as required under section 13353 of the Vehicle Code. (See *Reirdon* v. *Director of Dept. of Motor Vehicles,* 266 Cal.App.2d 808 [72 Cal.Rptr. 614].) We hold that the same ruling is applicable with respect to field sobriety tests designed to elicit "physical" and not "testimonial" evidence. The failure to comply with the requirements of Vehicle Code section 13353 may well result in the loss of driving privileges following appropriate administrative proceedings. The refusal to comply with the request of an officer to take field sobriety tests may well result at the trial in the type of comment and instruction to the jury approved in *People* v. *Sudduth, supra* (see particularly footnote 5, page 547). Under both circumstances the right to counsel is not involved. An individual suspected of being in violation of section 23102 of the Vehicle Code has his options with the resultant dangers inherent in the course of conduct he selects.

The order is affirmed.

Roth, P. J., and Herndon, J., concurred.