[Civ. No. 34537. Second Dist., Div. One. Mar. 31, 1970.]

ROBERT MOORE McMAHON et al., Plaintiffs and Appellants, v. THE MUNICIPAL COURT FOR THE BURBANK JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Owen A. Silverman for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## OPINION

**GUSTAFSON, J.**—On June 24, 1968, the three appellants, each a young man under 21 years of age, were arrested for violation of subdivision 1 of section 261 of the Penal Code (sexual intercourse with a female under the

age of 18 years.)[1] Appellants were apparently released from custody immediately and instructed to appear in municipal court June 27, 1968. When they appeared, they were advised that no complaints would be filed against them. They immediately petitioned the municipal court for an order sealing the records of their arrests. Those petitions were denied on the basis that the court had no jurisdiction to act.

Appellants then petitioned the superior court for an order directing the municipal court to issue an order sealing the records of the arrests of appellants. That petition was denied on the basis that no statute gives the municipal court power to grant relief and this appeal followed.

In the court below no contention was made that mandate does not lie in the case at bench. We think it does. ■ "The availability of mandate is not limited to those situations where there has been an abuse of discretion but also extends to cases where a trial court refuses to exercise its discretion because of a mistaken belief that the court had no discretion in the premises." (*Erlich* v. *Superior Court of Los Angeles County* (1965) 63 Cal.2d 551 [47 Cal.Rptr. 473, 407 P.2d 649].)

Appellants contend that the lack of a statute empowering a court to seal the felony arrest record of a minor who is released without being formally charged with the offenses for which he was arrested denies the minor due process of law, subjects him to cruel and unusual punishment and denies him the equal protection of the law. We reject as unmeritorious appellants' contentions that they were deprived of due process of law and subjected to cruel and unusual punishment. For reasons which we will explain, we think there is merit to the contention that appellants have been deprived of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

If appellants had been treated as juveniles with the charge of statutory rape as the basis of seeking to make them wards of the juvenile court,[2]

---

[1]In the court below the appellants alleged and the court found that the arrests were made "on a charge of suspicion of the commission of the crime of statutory rape." We note that it is apparently common practice for police officers to arrest and book persons for "suspicion of" a particular offense. This practice is not authorized by law and we can think of several reasons why it is undesirable. The fact is that the law authorizes the arrest of a person only for having committed a crime. No doubt the use of the words "suspicion of" is the result of the fact that a peace officer under certain circumstances may arrest a person "[w]henever he has reasonable cause to believe that the person to be arrested has committed" a crime. (Pen. Code, § 836.) But the fact remains that the person is arrested, for example, for burglary (which is a crime) and not for "suspicion of burglary" (which is not a crime).

[2]Even where no formal proceedings are initiated in the juvenile court, a juvenile who "was taken before any officer of a law enforcement agency" is entitled to have the arrest record sealed and to other relief under section 781 of the Welfare and Institutions Code. In the context in which it appears, the phrase "in any case in

each appellant upon reaching the age of 21 years would have been entitled as a matter of right to an order "sealing . . . the records, including records of arrest . . . . Thereafter the proceedings in such case shall be deemed never to have occurred, and such person may properly reply accordingly to any inquiry about the events, records of which are ordered sealed." (Welf. & Inst. Code, § 781.) Under section 604, subdivision (b) of the Welfare and Institutions Code a minor over 18 years of age but under 21 years of age may (but need not) be treated as a juvenile. ■ Even though the statute contains no express standard governing whether such a minor will be treated as a juvenile or as an adult, the statute does not deny equal protection of the laws because by implication it requires the trial court to exercise its discretion to serve the purposes of the Juvenile Court Law. (*People* v. *Shipp* (1963) 59 Cal.2d 845 [31 Cal.Rptr. 457, 382 P.2d 577]). ■ Similarly, it must be implied that an officer who apprehends such a minor for committing a crime will exercise discretion in determining whether the minor will be treated as a juvenile or as an adult. Appellants did not claim below and do not claim here that the officer who apprehended them abused his discretion in arresting them as adults. ■ There is nothing arbitrary or capricious in affording persons treated as juveniles the right to have records sealed and denying that right to persons treated as adults.

Section 851.7 of the Penal Code affords similar relief to a minor "arrested for a misdemeanor." ■ The Legislature unquestionably has the power to determine whether given conduct in violation of the law shall be a felony or shall be a misdemeanor. The Legislature having determined that rape (even though it consists of sexual intercourse by an 18-year-old male with an eager and willing young woman 17 years of age) is a felony, conviction of that offense might have been punished by imprisonment in the state prison as it was, for example, in *People* v. *Caldwell* (1967) 255 Cal.App.2d 229 [63 Cal.Rptr. 63] where the young woman was married. Just as there is no invidious discrimination involved in the different consequences which flow from a person's being convicted or sentenced as a felon as opposed to a person's being convicted or sentenced as a misdemeanant, limiting the relief afforded by section 851.7 of the Penal Code to a minor "who has been arrested for a misdemeanor" and denying it to a minor who has been arrested for a felony cannot be said to be an arbitrary and capricious distinction.

which a minor is taken before any officer of a law enforcement agency" seems to be confined to the case where an officer is acting pursuant to sections 625 and 626 of the Welfare and Institutions Code. We are not called upon, however, to decide that question because appellants did not allege facts entitling them to relief under section 781 of the Welfare and Institutions Code and do not on this appeal contend that they were entitled to such relief.

If a minor is arrested for and charged with the two felonies of burglary and rape, is convicted of burglary with the charge of rape being dismissed and is sentenced to one year in jail for burglary or placed on probation with a declaration by the judge that the offense of burglary was a misdemeanor, the minor upon completion of his sentence and a showing that he has "since . . . pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land" (Pen. Code, § 1203.4a) or upon fulfilling the terms of probation (Pen. Code, § 1203.4) would be entitled to ask for relief under the provisions of section 1203.45 of the Penal Code. He may "petition the court for an order sealing the record of conviction [of burglary] and other official records in the case, including records of arrests [for rape] resulting in the criminal proceeding, and including records relating to other offenses [rape] charged in the accusatory pleading, whether defendant was acquitted or charges were dismissed."[3]

■ The power of a court to seal the records of arrest and to permit the arrested person to deny that he was arrested arises solely through the grace of the Legislature. But once the Legislature has determined to afford judicial relief to a class of persons, the limitation is invalid unless there is a rational basis for denying the right to seek relief to persons not in the described class. Thus the court said in *Irwin* v. *City of Manhattan Beach* (1966) 65 Cal.2d 13 [51 Cal.Rptr. 881, 415 P.2d 769]: "No reason has been presented to us, or conceived by us, which would render less than arbitrary and capricious a distinction which would give a nonresident *corporate* taxpayer the right to maintain a suit such as here contemplated, but would deny the same right to a nonresident taxpayer who is a *natural person.*"

We approach the problem confronting us mindful of the principles that the "Legislature has broad discretion in making classifications, and its decision will be upheld unless the classification has no reasonable relationship to any proper legislative purpose" (*County of Los Angeles* v. *Superior Court* (1965) 62 Cal.2d 839 [44 Cal.Rptr. 796, 402 P.2d 868]) and that when a statute containing a "classification is questioned, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of existence of that state of facts, and the burden of showing arbitrary action rests upon the one who assails the classification." (*Blumenthal* v. *Board of Medical Examiners* (1962) 57 Cal.2d 228 [18 Cal.Rptr. 501, 368 P.2d 101].) ■ We note, however, that when the burden of showing an arbitrary discrimination has been met, a court has no alternative to

---

[3]Section 1203.45 of the Penal Code states that the court "may issue its order granting the relief prayed for" whereas section 851.7 of the Penal Code states that the court "shall issue its order granting the relief." But at least a minor has standing to seek relief under section 1203.45 of the Penal Code and the court is empowered to grant it.

finding that the litigant has been denied equal protection of the laws. (See, e.g., *O'Kane* v. *Catuira* (1963) 212 Cal.App.2d 131 [27 Cal.Rptr. 818, 94 A.L.R.2d 487] and *Morganti* v. *Morganti* (1950) 99 Cal.App.2d 512 [222 P.2d 78].)

■ We can find no rational basis for denying the right to seek relief to a minor arrested for rape, but never formally charged with that or any other offense, and granting the right to seek relief to a minor arrested for rape and burglary, formally charged with both offenses and convicted of the misdemeanor offense of burglary. It is true that the convicted misdemeanant if granted probation must have fulfilled the terms of probation in order to be entitled to relief. Appellants cannot be considered to be less worthy than such a person because they were not convicted of anything for which they could have been granted probation. Similarly, the sentenced misdemeanant must have served his sentence in order to be entitled to relief. Appellants cannot be deemed less worthy than such a person because they never had sentences to serve.

■ We do not believe that the provisions of sections 849 and 851.6 of the Penal Code are the equivalent of giving each appellant the right to seek the relief of having records sealed and being able to claim that he was never taken into custody. Section 849 provides that where, as here, no criminal complaint is filed against the person arrested: "Any record of such arrest shall include a record of the release hereunder and thereafter shall not be deemed an arrest but a detention only." Section 851.6 provides that each appellant is entitled to "a certificate, signed by the releasing officer or his superior officer, describing the action as a detention." While each appellant may now truthfully answer in response to the question typically asked by prospective employers and others that he has never been arrested, there is no reason to believe that prospective employers and others will not in the future ask: "Have you ever been arrested or detained?" Such a question will compel appellants to answer in the affirmative thereby seriously jeopardizing their opportunities and reputations whereas if they are granted relief under section 1203.45 of the Penal Code "such conviction, arrest, or other proceeding shall be deemed not to have occurred, and the [appellants] may answer accordingly any question relating to their occurrence."

Neither the County Counsel of Los Angeles County (for respondent) nor the District Attorney of Los Angeles County (for the real party in interest) has seen fit to file a brief responding to the contentions urged by appellants. As we said in *Estate of Locke* (1968) 258 Cal.App.2d 617 [65 Cal.Rptr. 884]: "Under the circumstances, we can only assume that respondent has abandoned any attempt to support the order and that the grounds urged by appellant for reversing the order are meritorious."

In the light of the conclusion we have reached in this matter, it becomes necessary for us to determine whether section 1203.45 of the Penal Code is void in its entirety or void only insofar as it excludes appellants and those similarly situated from seeking relief. Since in our judgment the Legislature would not have failed to enact this legislation had it been drafted to include appellants and those similarly situated, we choose the latter alternative.

The judgment is reversed with directions to the superior court to issue a peremptory writ of mandate commanding the Municipal Court for Burbank Judicial District to determine on the merits whether appellants are entitled to relief under section 1203.45 of the Penal Code.

Wood, P. J., and Lillie, J., concurred.