[Crim. No. 6593. Third Dist. Dec. 26, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
DON LOUIS O'ROY, Defendant and Appellant.

## COUNSEL

Robert A. Perry, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and Joel Carey, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**PETERSEN, J.\***—Defendant, Don Louis O'Roy, age 18 years on the date of commission of the crime, appeals from the judgment of conviction after a jury found him guilty of first degree robbery.

### FACTS

Facts giving rise to the above conviction are as follows:

Defendant entered a taxi at 29th and "K" Streets in Sacramento about

---

\*Assigned by the Chairman of the Judicial Council.

9:30 a.m. on July 29, 1971. He told the driver to take him to the Del Paso Heights area of Sacramento. On South Avenue in Del Paso Heights, defendant directed the driver to pull over to the curb. Defendant then ordered the driver to look the other way and to give defendant all the money in the driver's possession, "or I'll shoot you." Defendant was sitting in the front seat with the driver, and the driver glanced quickly at defendant, then looked straight ahead. The driver handed his wallet to defendant which contained the driver's personal money. He also took money from his shirt pocket that belonged to the taxi company, and handed this to defendant. Defendant immediately fled on foot.

Defendant returned the next day to 29th and "K" Streets in a white and red tow truck to get his car which had broken down the day before and which he had left at a service station located at that corner. Defendant was recognized by a service station attendant who had tried unsuccessfully to help fix defendant's car the preceding morning before defendant called the taxi. Defendant's car had been towed away by the police and the service station attendant so informed defendant and then phoned the police after defendant drove away in the white and red tow truck. Defendant had told the service station attendant his name was O'Roy and the truck had O'Roy painted on its side. Defendant was arrested when the police shortly thereafter stopped the truck on South Avenue in Del Paso Heights.

A lineup was held the same day consisting of five persons, one of whom was defendant. The taxi driver, Mr. Hood, identified defendant by stating that he looked like the man who robbed him but he could not be positive. The information was filed October 15, 1971.

Defendant testified in his own behalf. He admitted being in the service station, but denied leaving by taxi. He claimed he walked away from the station and went on foot across the American River railroad bridge into North Sacramento and to the home of a friend, a Mrs. Pardue, several miles away. Mrs. Pardue was not produced as a witness.

## ISSUES

On appeal, the defendant raises three issues which he contends require a reversal of the judgment of conviction. They are:

1. The superior court lacked jurisdiction over defendant to proceed in this case because he was a juvenile.

2. Defendant was deprived of his constitutional right to counsel at a lineup.

3. The prosecution failed to present sufficient evidence to establish guilt of defendant beyond a reasonable doubt.

### 1. Jurisdiction

■ It is the defendant's contention that the superior court had no jurisdiction over him because he was 18 years old at the time of the crime. The only authorities cited by defendant are sections 602 and 604, subdivision (b), of the Welfare and Institutions Code. These sections at the time of the offense and of the trial in this case permitted, but did not require, a superior court to certify a criminal case against a person under 21 years of age to the juvenile court. There is nothing in the record indicating that defendant requested certification at any stage of the proceedings against him, and the record lacks any showing of abuse by the trial judge in the exercise of his discretion. Therefore, his urging on appeal that the superior court had no jurisdiction to try him is without merit. (*People* v. *Navarro* (1963) 212 Cal.App.2d 299, 303 [27 Cal.Rptr. 716]; *People* v. *Shipp* (1963) 59 Cal.2d 845, 852-853 [31 Cal.Rptr. 457, 382 P.2d 577]; *McMahon* v. *Municipal Court* (1970) 6 Cal.App.3d 194, 198 [85 Cal. Rptr. 782].)

### 2. Right to Counsel at Lineup

■ At trial, a police officer as witness for the prosecution testified concerning the lineup on July 30, 1971. Prior to giving of this testimony, he was asked by the prosecution if he had advised the defendant of any rights in that connection. The officer responded, "Yes," whereupon defense counsel stated that there was no issue in that regard. A stipulation was then entered into in open court that before placing defendant in the lineup, he had been advised by the police of his right to counsel at the lineup; that he would be furnished free counsel if he desired; that defendant indicated he understood his rights to counsel, and further that he waived them by voluntarily consenting to take part in the lineup without counsel.

Defendant now admits that ordinarily a stipulation preceding the admission of evidence to the effect that it may be lawfully admitted (which was the purpose of the stipulation in the instant case) will foreclose raising a question or issue of error on appeal in the admission of such evidence. But defendant argues that a fundamental constitutional right to counsel at a lineup is involved and that he must now be heard on appeal on this issue in spite of the stipulation.

Defendant cites as authority for his right to counsel at lineup the United States Supreme Court cases of *United States* v. *Wade* (1967) 388 U.S. 218

[18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951], holding that defendant is entitled to counsel at a lineup held after an information or indictment has been filed. In this case, the lineup was held the day of the arrest, and the information was not filed until several weeks later. However, defendant also cites the California Supreme Court cases of *People* v. *Fowler* (1969) 1 Cal.3d 335 [82 Cal.Rptr. 363, 461 P.2d 643], and *People* v. *Banks* (1970) 2 Cal.3d 127 [84 Cal.Rptr. 367, 465 P.2d 263]. These cases hold that *Wade* and *Gilbert* right to counsel rule applies to pre-indictment or pre-information lineup as well as to post-indictment or post-information lineup.

In view of the fundamental constitutional nature of the right to counsel involved in the question posed here by defendant, we shall consider his arguments as to the lineup on their merits.

In *People* v. *Fowler, supra,* 1 Cal.3d 335, 344, the California Supreme Court examined the *Wade-Gilbert* decisions and concluded that the United States Supreme Court "has no intention of limiting the operation of the *Wade-Gilbert* rules to post-indictment lineups. . . . Fifth and finally, we think it clear that the establishment of the date of formal accusation as the time wherein the right to counsel at lineup attaches could only lead to a situation wherein substantially all lineups would be conducted prior to indictment or information. We cannot reasonably suppose that the high court, recognizing that the same dangers of abuse and misidentification exist in *all* lineups, would announce a rule so susceptible of emasculation by avoidance." (Original italics.)

*People* v. *Banks, supra,* simply reiterates the interpretation of the *Wade-Gilbert* decisions. (2 Cal.3d 134.) These are the cases relied upon by defendant to bolster the argument that he was entitled to counsel at the lineup. However, defendant has overlooked the recent case of *Kirby* v. *Illinois* (1972) 406 U.S. 682 [32 L.Ed.2d 411, 92 S.Ct. 1877], which was handed down by the United States Supreme Court on June 7, 1972, about 12 weeks before he filed his brief on August 31, 1972. In *Kirby,* the court expressly held that *Wade-Gilbert* did not apply to pre-indictment or pre-information lineups and that there is no constitutional right to counsel at such lineups. The court recognized that California in the *Fowler* case, *supra,* and some other states had interpreted *Wade-Gilbert* differently, but rejected such interpretations. Although the California Supreme Court has not spoken on this issue since the decision of the United States Supreme Court in *Kirby* v. *Illinois, supra,* the District Court of Appeal in the case of *People* v. *Faulkner* (1972) 28 Cal.App.3d 384, 390 [104 Cal.

Rptr. 625], said: "Appellant's first contention can be summarily disposed of. In a recently decided case, *Kirby* v. *Illinois* (1972) 406 U.S. 682 [32 L.Ed.2d 411, 92 S.Ct. 1877], the United States Supreme Court made it clear that the right to counsel attaches only at or after the initiation of adversary judicial criminal proceedings by way of formal charge, preliminary hearing, indictment, information or arraignment."

Therefore we are bound by the latest rulings of the United States Supreme Court on this constitutional question, and accordingly hold that defendant in the instant case had no right to counsel at the lineup here in question.

■ Defendant next contends that the lineup was impermissibly suggestive because (1) he was not given his choice of positions in the lineup, and (2) he was dressed in street clothes while the other four men were dressed in typical jail denims. Defendant cites *Stovall* v. *Denno* (1967) 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967], and *People* v. *Thomas* (1970) 5 Cal.App.3d 889 [86 Cal.Rptr. 97] as authority for his position. These cases establish the rule that a pretrial identification procedure is invalid and taints later in-court identification if it is unnecessarily suggestive and conducive to irreparable mistaken identification. The *Kirby* case, *supra*, recognizes this rule and points out it is based on the Fifth Amendment to the Constitution as opposed to the *Wade-Gilbert* right to counsel rule, which is based on the Sixth Amendment to the Constitution. We know of no rule of law and defendant cites none which requires that he be given a choice of position in the lineup. Upon examination of the color photograph of the lineup in question, which is in evidence as People's Exhibit 7, we conclude that defendant's contentions must fail, because all the men in the lineup were dressed in street clothes consisting of sport shirts and slacks of varying designs and colors. All were black men of similar height and physical build. Thus we find nothing in the record to show that the lineup was unnecessarily suggestive and conducive to irreparable mistaken identification.

## 1. *Sufficiency of the Evidence*

The last contention of the defendant is that the prosecution failed to present evidence sufficient to establish his guilt beyond a reasonable doubt.

■ As an appellate court, it is not our province to determine whether or not guilt beyond a reasonable doubt was proved. That is for the jury alone. (*People* v. *Teale* (1969) 70 Cal.2d 497, 505 [75 Cal.Rptr. 172, 450 P.2d 564].) Accordingly, we must treat defendant's contention as to this issue that the evidence is insufficient to support the verdict, and we

must apply to this contention the test on appeal which has been well established by a long line of appellate decisions. The test requires that we view the evidence in the light most favorable to the respondent and presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. If the circumstances reasonably justify the verdict, reversal is not warranted merely because the circumstances might also be reconciled with a contrary verdict. (See, e.g., *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

■ Defendant argues that without the tentative identification of defendant by the taxi driver at the lineup there is not sufficient proof of guilt. He also argues that the identification by the service station attendant of defendant as the person who entered the taxi at 29th and K Streets is not reliable because he was washing a customer's car window during a portion of his observation of defendant. There was also prosecution evidence introduced that defendant carried a battery charger but it was not produced at trial, and defendant points to this as weakening the prosecution case. Defendant also makes much of the failure of the taxi driver to notice an earring in defendant's ear.

None of these arguments by defendant demonstrates insufficiency of the evidence to support the verdict. A brief recapitulation of the evidence will suffice to show sufficiency under the test we must apply. Defendant admitted being at the gas station from which the robbery victim picked up a passenger in his Yellow Cab. The robbery transpired very close to defendant's residence. Defendant was the only black person around the service station at the time in question. The gas station attendant clearly identified defendant as the person who had been at the service station for quite some time and who had departed by Yellow Cab with a battery charger. An eyewitness to the robbery saw the perpetrator flee in the general direction of defendant's home with something black in his hand about the size of a battery charger. The evidence taken as a whole is sufficient to support the verdict.

The judgment is affirmed.

Richardson, P. J., and Regan, J., concurred.