[Crim. No. 10999. First Dist., Div. One. Sept. 28, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE LEE STRAWDER, Defendant and Appellant.

**COUNSEL**

Stephen R. Pitcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Derald E. Granberg and Thomas P. Dove, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOLINARI, P. J.**—On this appeal from a judgment upon conviction and sentence of second degree murder (Pen. Code, § 187), defendant contends that the trial court improperly denied his motion to suppress evidence, erred in refusing to give certain instructions requested by him, and erred in denying his motion for a new trial based on the alleged inadequate representation he received from appointed counsel. None of these contentions has merit. Accordingly, the judgment must be affirmed.

The pertinent facts are as follows: On the morning of December 23, 1971, the body of Henry Price was discovered in the County of San Mateo. An investigation by the police revealed that Price had been shot with a .32 automatic pistol. A statement was taken by the police from Jane Clunie with whom Price had been living. The statement revealed that Ms. Clunie had been defendant's former common law wife. A police bulletin was issued for the arrest of defendant following the obtaining of defendant's address, his "rap sheet" and a copy of a sale of a weapon form which revealed that defendant had purchased a .32 automatic pistol. In conjunction with the bulletin a request was made for the impoundment of defendant's automobile which had been identified by the Department of Motor Vehicles.

On December 25, 1971, defendant was taken into custody and his automobile was impounded by the San Francisco police. Inspector Siemssen of the San Mateo County Sheriff's office advised defendant of his *Miranda* rights. (*Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].) Siemssen then asked defendant for permission to search his car. Defendant responded, "Yes, go ahead." Defendant was then asked if he wished to make a statement and he responded that he would do so but wanted an attorney to be present. Siemssen then left to obtain a consent to search form. Upon his return Siemssen asked defendant

to sign the form which defendant did, stating he consented to the search providing it was done in his presence.

A search of defendant's car was made in his presence. No search warrant was obtained nor was an attorney provided for defendant at the time of the search. During the course of the search a .32 automatic pistol was discovered. This weapon was identified as belonging to defendant and was introduced into evidence at the trial. Ballistic experts testified that the slug they found in Price's body was fired from this weapon. In addition, expert testimony indentified the cartridges found at the scene of the homicide as having been fired from defendant's gun. The introduction of the gun into evidence and the testimony respecting it, the slug and the cartridges, were objected to by defense counsel.

Defendant made a motion to suppress the evidence pursuant to Penal Code section 1538.5. The motion was denied. He now seeks a review of the propriety of this denial since the order is reviewable on an appeal from the judgment of conviction. (*People* v. *Bustamante,* 16 Cal.App.3d 213, 215-216 [94 Cal.Rptr. 64]; *People* v. *Jasso,* 2 Cal.App.3d 955, 962 [82 Cal.Rptr. 229]; Pen. Code, § 1538.5, subds. (i), (m).) ▮ His specific contentions with respect to the motion to suppress are that he was not advised that he had a right under the Fourth Amendment to refuse to consent to a warrantless search; that he was further interrogated after he indicated a desire to have an attorney present; and that his consent to the search was obtained without the presence of counsel.

▮ We observe, preliminarily, that a search preceded by a voluntary, freely given consent is a reasonable and permissible search under constitutional standards. (*Schneckloth* v. *Bustamonte,* 412 U.S. 218, 219-249 [36 L.Ed.2d 854, 858-875, 93 S.Ct. 2041, 2043-2059]; *People* v. *Henry,* 65 Cal.2d 842, 845 [56 Cal.Rptr. 485, 423 P.2d 557]; *Castaneda* v. *Superior Court,* 59 Cal.2d 439, 442 [30 Cal.Rptr. 1, 380 P.2d 641]; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852]; *People* v. *Beal,* 268 Cal.App. 2d 481, 485 [73 Cal.Rptr. 787].) ▮ The consent must be voluntary and not in response to an express or implied assertion of authority. (*Schneckloth* v. *Bustamonte, supra,* 412 U.S. at p. 248 [36 L.Ed.2d at p. 875, 93 S.Ct. at p. 2059]; *People* v. *Henry, supra; Castaneda* v. *Superior Court, supra.*) ▮ Whether a consent to search was freely and voluntarily given or was rather merely a nonvoluntary submission to an express or implied authority, is a question of fact resolvable upon reference to all the attendant circumstances. (*Schneckloth* v. *Bustamonte, supra; Davis* v. *United States,* 328 U.S. 582, 593-594 [90 L.Ed. 1453, 1460, 66 S.Ct. 1256]; *Castaneda* v. *Superior Court, supra; People* v. *Michael,*

*supra; People* v. *Bustamonte,* 270 Cal.App.2d 648, 652 [76 Cal.Rptr. 17].) The burden, in each instance, is upon the government officials to show by clear and positive evidence that the consent was freely, voluntarily and knowledgeably given. (*Bumper* v. *North Carolina,* 391 U.S. 543, 548 [20 L.Ed.2d 797, 802, 88 S.Ct. 1788]; *Blair* v. *Pitchess,* 5 Cal.3d 258, 274 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]; *People* v. *Shelton,* 60 Cal.2d 740, 744 [36 Cal.Rptr. 433, 388 P.2d 665].)

 Adverting to the first contention with respect to the motion to suppress we point out that it is now settled that it is not necessary to a voluntary consent to a search that the police, before eliciting consent, advise the subject of the search of his right to refuse consent. (*Schneckloth* v. *Bustamonte, supra,* 412 U.S. 218, 231-234 [36 L.Ed.2d 854, 865-867, 93 S.Ct. 2041, 2049-2051]; see *People* v. *Bustamonte, supra,* 270 Cal.App. 2d 648, 653; *People* v. *Linke,* 265 Cal.App.2d 297, 314 [71 Cal.Rptr. 371]; *People* v. *MacIntosh,* 264 Cal.App.2d 701, 705-706 [70 Cal.Rptr. 667].) Accordingly, while knowledge of a right to refuse consent is a factor to be taken into account, the prosecution need not prove that the one giving permission to search knew that he had a right to withhold consent. (*Schneckloth* v. *Bustamonte, supra,* 412 U.S. 218, 249 [36 L.Ed.2d 854, 875, 93 S.Ct. 2041, 2059].)

In *Schneckloth* the Supreme Court made it clear that its decision was limited to persons who are not in custody. (412 U.S. at p. 248 [36 L.Ed. 2d at p. 875, 93 S.Ct. at p. 2059].) We do not interpret this limitation by the Supreme Court to mean that when a person is in custody his consent to a search is to be deemed, as a matter of law, to be inherently coercive, but merely that the factual situation before it did not require the court to determine the voluntariness of a consent to a search given by one who is in custody. The California courts have not made a definitive distinction between consent to search given by a person who is not in custody and one who is, but, rather, have considered the factor of custody to be a significant circumstance to be taken into account with all of the surrounding circumstances in determining whether in fact the consent to search was coerced. (See *People* v. *Smith,* 63 Cal.2d 779, 798 [48 Cal.Rptr. 382, 409 P.2d 222] [cert. den. 388 U.S. 913 (18 L.Ed.2d 1353, 87 S.Ct. 2119)]; *People* v. *Shelton, supra,* 60 Cal.2d 740, 745; *Castaneda* v. *Superior Court, supra,* 59 Cal.2d 439, 443; *People* v. *Fischer,* 49 Cal.2d 442, 448 [317 P.2d 967]; *People* v. *Dahlke,* 257 Cal.App.2d 82, 87 [64 Cal.Rptr. 599]; *People* v. *Campuzano,* 254 Cal.App.2d 52, 58 [61 Cal.Rptr. 695].) In *Castaneda* it was observed that while the circumstance that a person is in custody at the time of the request for his permission to search is a " 'circumstance of particular significance' " it is "not conclusive" (59 Cal.2d

at p. 443); and in *Fischer* it is stated that "It cannot be said as a matter of law that consent given by a defendant is involuntary because it is given while he is under arrest." (49 Cal.2d at p. 448.) "Rather, the question is one of fact 'to be determined in the light of all the circumstances.' [Citations.]" (*People* v. *Smith, supra.*)

■ Adverting to defendant's contention that the motion to suppress should have been granted because the search was obtained without the presence of counsel, although he had indicated a desire to have counsel present, we first observe that the record does not disclose that defendant made such a request. Rather, it discloses that his request was that he wanted to be personally present. His request with respect to counsel was that he would only make a statement in the presence of counsel.

■ We note, moreover, that the Sixth Amendment right to counsel does not apply to events before the initiation of adversary criminal proceedings. (*United States* v. *Ash,* 413 U.S. 300, 303 [37 L.Ed.2d 619, 623, fn. 3, 93 S.Ct. 2568]; *Kirby* v. *Illinois,* 406 U.S. 682, 688-689 [32 L.Ed.2d 411, 416-417, 92 S.Ct. 1877]; *People* v. *Chojnacky,* 8 Cal.3d 759, 765 [106 Cal.Rptr. 106, 505 P.2d 530]; *People* v. *Lawrence,* 4 Cal.3d 273, 277-278 [93 Cal.Rptr. 204, 481 P.2d 212] [cert. den. 407 U.S. 909 (32 L.Ed.2d 682, 92 S.Ct. 2431)]; *People* v. *O'Roy,* 29 Cal.App.3d 656, 661-662 [105 Cal.Rptr. 717]; *People* v. *Faulkner,* 28 Cal.App.3d 384, 390 [104 Cal.Rptr. 625]; see *Whalen* v. *Municipal Court,* 274 Cal.App.2d 809, 813 [79 Cal.Rptr. 523].) Accordingly, "the right to counsel attaches only at or after the initiation of adversary judicial criminal proceedings by way of formal charge, preliminary hearing, indictment, information or arraignment." (*People* v. *Faulkner, supra,* at p. 390; *People* v. *O'Roy, supra,* at p. 662.) ■ In the instant case the subject search was conducted after defendant's arrest but before the formal charge (the information) was filed against him on February 9, 1972.

We conclude, in any event, that the search of the car of a suspect or a defendant conducted within the ambit of the Fourth Amendment is not a "critical stage" of the prosecution at which the accused is entitled to the presence of counsel. ■ A search of a person's property has never been held to be a procedure constituting a critical stage at which the accused has the right to the presence of his counsel, since the propriety and validity of the search is subject to such strict scrutiny through the safeguards provided under the Fourth Amendment and the decisions construing and applying the amendment. This scrutiny removes the basis for regarding a search of a person's property as "critical." (See *United States* v. *Wade,* 388 U.S. 218, 227-229 [18 L.Ed.2d 1149, 1157-1159, 87 S.Ct. 1926];

*People* v. *Lawrence, supra,* 4 Cal.3d 273, 278; *People* v. *Fowler,* 1 Cal.3d 335, 347 [82 Cal.Rptr. 363, 461 P.2d 643].)

■ Defendant also appears to make the argument that the motion to suppress should have been granted because there was further interrogation by Siemssen after defendant had indicated a desire to have an attorney present. He does not specifically point out the applicable constitutional infirmity but seems to link this circumstance with his argument that he should have been advised that he had a right not to consent to the search. The validity of this argument has already been discussed. We observe that if the argument is to be construed as suggesting some violation of *Miranda* it is equally untenable. No contention is made that an adequate *Miranda* warning was not given or that defendant did not understand it. The oral consent to the search was given *after* the *Miranda* warning and was given voluntarily and freely. ■ Once a defendant has been informed of his rights and indicates he understands those rights, his choosing to speak and not requesting a lawyer is sufficient evidence that he knows of his rights and chooses not to exercise them. (*People* v. *Johnson,* 70 Cal.2d 541, 558 [75 Cal.Rptr. 401, 450 P.2d 865, 43 A.L.R.3d 366] [cert. den. 395 U.S. 969 (23 L.Ed.2d 758, 89 S.Ct. 2120)]; *People* v. *Brockman,* 2 Cal.App.3d 1002, 1006-1007 [83 Cal.Rptr. 70].) ■ Defendant's statement that he would give a statement only in the presence of a lawyer came after he had given the oral consent for a search of his car. At that request no further attempts to question defendant or to solicit a statement of any type were made. The subsequent request to sign a written consent to search was not the result of a custodial interrogation but merely a confirmation of a previously given oral authorization to search his car. In any event, we perceive that a valid oral consent having previously been given, the search could have proceeded on that consent without the necessity of a formal written consent. It should be noted that when defendant was asked to sign the consent form he did so with an understanding of his *Miranda* rights. The only condition attached by him to this consent was that he be present when the search was conducted. This request was complied with.

We conclude, moreover, that the request for permission to search the car was not custodial interrogation violative of *Miranda.* Such a consent is akin to a victim's identification at a lineup in that it is neither testimonial nor communicative in the Fifth Amendment sense. (*Schmerber* v. *California,* 384 U.S. 757, 761 [16 L.Ed.2d 908, 914, 86 S.Ct. 1826]; *People* v. *Thomas,* 12 Cal.App.3d 1102, 1111 [91 Cal.Rptr. 867].) The request for a consent to search is designed to elicit physical and not testimonial evidence. (See *Whalen* v. *Municipal Court, supra,* 274 Cal.App.2d 809,

811.) Accordingly, the fact that a search leads to incriminating evidence does not make the consent testimonial. (*People* v. *Thomas, supra.*)

 The contention with respect to the failure to give certain instructions is directed to the failure by the trial court to give requested instructions relating to manslaughter and the definition of "sudden heat of passion." The trial court refused the instructions relating to manslaughter because it could find no evidence of mitigation as required by Penal Code section 1105.[1]

 It is prejudicial error to refuse an instruction on manslaughter if there is any evidence of manslaughter deserving of any consideration. (*People* v. *Modesto*, 59 Cal.2d 722, 727 [31 Cal.Rptr. 225, 382 P.2d 33] [overruled on other grounds 60 Cal.2d 631, 637, fn. 2, 653 (36 Cal.Rptr. 201, 388 P.2d 33)]; *People* v. *Dewberry*, 51 Cal.2d 548, 555 [334 P.2d 852]; *People* v. *Carmen,* 36 Cal.2d 768, 773-774 [228 P.2d 281].) However, in the instant case there was no evidence of a material or substantial nature that could have proved the lesser and included offense of manslaughter. Defendant did not take the stand nor did he present any evidence by way of defense. He relies on evidence adduced during the prosecution's case. The evidence relied upon was that showing that the victim was a large man; that defendant was disabled by a limp; that defendant was a heavy drinker; that the victim had been drinking on the night of his death; that defendant was upset by the love triangle; and that defendant and Ms. Clunie frequently drove in the area of the murder. Defendant argues that these facts could be concluded by the jury as a setting for a discussion between two intoxicated men in love with the same woman who had a violent argument in which defendant was attacked by a larger man and had to protect himself from grave injury with a gun which he habitually carried in his car. Defendant concedes that this conclusion is a "supposition." Such supposition and speculation does not provide a sufficient basis for the giving of manslaughter instructions. Supposition or speculation is not an appropriate basis for instructions since it is not evidence. (See *People* v. *Wade,* 53 Cal.2d 322, 334-335 [1 Cal.Rptr. 683, 348 P.2d 116].)

 Defendant contends that he was not adequately represented in the trial court by appointed counsel in that counsel failed to actively pursue

---

[1] Penal Code section 1105 provides: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

a separate defense and refused to allow defendant to testify on his own behalf. He also contends that the trial court erred in refusing his request to substitute other counsel when defendant complained that he was not properly represented. It is asserted that such request was made on four occasions and was concurred in by counsel. Particular stress is laid upon counsel's statement in moving for a new trial that there had been a disagreement between him and defendant as to how the case should be tried and a concession that a breakdown in their relationship for this reason may have denied defendant effective representation.

In considering these contentions we first note that defendant does not point out the nature of the alleged "separate defense" or how or in what manner counsel failed to "actively pursue" such defense. It is his duty to point out error and it is not for us to speculate as to what the alleged "separate defense" might have been. (*People* v. *Upton,* 257 Cal.App.2d 677, 686 [65 Cal.Rptr. 103]; *People* v. *Lindsay,* 227 Cal.App.2d 482, 510 [38 Cal.Rptr. 755].)

Although the right to the assistance of counsel includes the guarantee that such assistance be effective, it does not guarantee the right to errorless counsel. (*In re Saunders,* 2 Cal.3d 1033, 1041 [88 Cal.Rptr. 633, 472 P.2d 921].) It is a right to a counsel " 'reasonably likely to render, *and rendering* reasonably effective assistance.' " (*In re Saunders, supra.*) The determination of whether the demands of due process have been met in a particular case is always a question of judgment and degree to be answered in the light of all the circumstances with a view to fundamental fairness. (*In re Saunders, supra; People* v. *McDowell,* 69 Cal.2d 737, 748 [73 Cal.Rptr. 1, 447 P.2d 97].) Generally, the standards employed pose the question whether counsel's representation reduced the trial to a farce or a sham. (*People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].) Thus, where it is clearly evident that counsel has failed to pursue a defense because of lack of knowledge of a rule that is "commonplace to any attorney engaged in criminal trials" the courts have found that the trial was reduced to a "farce and a sham." (*People* v. *Ibarra, supra,* at pp. 465-466.)

The courts, however, require proof of counsel's inadequacy as a demonstrable reality. (*Adams* v. *U.S.* ex rel. *McCann,* 317 U.S. 269, 281 [87 L.Ed. 268, 275-276, 63 S.Ct. 236, 143 A.L.R. 435]; *People* v. *Reeves,* 64 Cal.2d 766, 774 [51 Cal.Rptr. 691, 415 P.2d 35] [cert. den. 385 U.S. 952 (17 L.Ed.2d 229, 87 S.Ct. 332)].) In the instant case the only contention purporting to prove inadequacy is counsel's refusal to permit defendant to take the stand in his own defense. In a criminal case

it is a common matter of trial strategy not to submit a defendant as a witness in view of the high burden put on the prosecution in proving its case. In the present case the prosecution's case was purely circumstantial and was dependent upon the linking of defendant's gun to the homicide. It is, therefore, reasonable to assume that it was counsel's judgment that testimony from the lips of defendant might have the effect of supplying a link or links in the prosecution's chain of evidence. ■ An attorney who is assigned to the case is considered to be the " 'manager of the lawsuit.' " (*People* v. *Lucas*, 1 Cal.App.3d 637, 644 [81 Cal.Rptr. 840]; *People* v. *Floyd*, 1 Cal.3d 694, 704 [83 Cal.Rptr. 608, 464 P.2d 64] [cert. den. 406 U.S. 972 (32 L.Ed.2d 672, 92 S.Ct. 2418)]), and he has the authority and duty to determine all questions of strategy and trial tactics. (*People* v. *Silva*, 266 Cal.App.2d 165, 173 [72 Cal.Rptr. 38].)

■ The trial court in defendant's situation and upon his request for change of counsel attempted to determine the correctness of defense counsel's opinion on the tactics of the trial and noted that counsel had done a competent job. Not only defendant's counsel, but other attorneys questioned by the judge indicated that the approach to the case was correct. In the light of hindsight defendant's counsel may not be faulted for his trial tactics and strategy. (See *People* v. *Brooks*, 64 Cal.2d 130, 140 [48 Cal.Rptr. 879, 410 P.2d 383].)

It is apparent that defendant's request for substitute counsel was essentially pivoted on the judgment as to whether he should take the stand. The trial court concluded that the exercise of such judgment against submitting defendant as a witness did not reduce the trial to a farce or a sham. It does not appear that defendant's counsel provided less than an adequate and reasonable representation under the circumstances of the case. There is nothing to indicate that counsel was ignorant of any defense and the appearances are that he investigated and considered defendant's situation. Since he was adequately represented he was not, as a matter of right, entitled to a substitute counsel who would act completely to defendant's bidding. (*People* v. *Marsden*, 2 Cal.3d 118, 123 [84 Cal.Rptr. 156, 465 P.2d 44]; see *People* v. *Floyd, supra*, 1 Cal.3d 694, 704.)

■ The core of the question is whether defendant received a fair trial. "The fairness of a trial is not to be predicated on any purported right of an accused to proceedings which are planned, directed or conducted by him, but rather on proceedings which will accord him the fullest opportunity to preserve all trial rights and successfully defend against the charges. . . . if an accused has been accorded a fair trial, subtle analyses which pretend to establish that he might have been better defended had different

counsel or tactics been employed, cannot require by hindsight a conclusion that the trial was not, in fact, fair." (*People* v. *Sharp,* 7 Cal.3d 448, 460 [103 Cal.Rptr. 233, 499 P.2d 489] [cert. den. 410 U.S. 944 (35 L.Ed.2d 610, 93 S.Ct. 1380)].)

The judgment and sentence are affirmed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 21, 1973.